**PACIFIC FIDELITY LIFE INSURANCE COMPANY, Appellant,**

v.

**George W. SIMPSON, Appellee.**

**No. 6969.**

Court of Civil Appeals of Texas.

Beaumont.

May 9, 1968.

Rehearing Denied May 22, 1968.

Orgain, Bell & Tucker, Beaumont, for appellant.

R. A. Richardson, Kountze, for appellee.

PARKER, Justice.

This is a suit to recover certain benefits under the provisions of a group disability insurance policy. All issues submitted to the jury were answered favorable for the plaintiff, George W. Simpson. Judgment was entered for the plaintiff and against the defendant, Pacific Fidelity Life Insurance Company. The parties will be referred to as they were in the trial court or by name.

Defendant's first points of error, generally stated, are: That the affirmative answer of the jury that plaintiff sustained an injury to his back is against the great weight and preponderance of the evidence. That the affirmative answer of the jury that plaintiff became wholly and continuously disabled as a result of such injury is against the great weight and preponderance of the evidence. That the negative answer of the jury as to whether plaintiff's disability commenced before the policy was issued March 2, 1965, was against the great weight and preponderance of the evidence. That there was no evidence that plaintiff was under the regular care and attendance of a doctor during the period of time in question. The no-evidence point will be passed on by considering only the evidence favorable to the verdict and judgment, and the points of error that the findings of the jury are against the great weight and preponderance of the evidence will be passed upon by considering the entire record.

The insurance company admitted that on March 2, 1967, it entered into an insurance contract with Simpson. Under the terms of the policy, the insurance company agreed to pay the monthly installments that became due on indebtedness of Simpson in the sum of $2,761.40 to Pacific Finance Corporation, if Simpson became wholly and continuously disabled from injury or sickness while such policy was in force and effect, while such whole and continuous disability as to Simpson continued along with *certain exclusions*. Insurance company denied liability under the terms of the policy inquired about on or about April 19, 1966.

The policy also provides:

PACIFIC FIDELITY
LIFE INSURANCE COMPANY

HOME OFFICE:
675 South Westmoreland Avenue
Los Angeles 5, California

(Herein called the Company)

Group Policy No. 44

Hereby Agrees with

PACIFIC FINANCE CORPORATION
SUBSIDIARIES & AFFILIATES
621 South Hope Street
Los Angeles 17, California

(Herein called Creditor)

that it will pay indemnity for loss suffered by any person who becomes indebted to the Creditor and who becomes insured hereunder (herein called the insured debtor) resulting from injury or sickness; to the extent herein provided.

"Injury" wherever used in this policy means bodily injury caused by an accident occurring while this policy is in force as to the insured debtor and resulting directly *or independently of all other causes in loss covered by this policy * * *. (Emphasis ours)

Part I                    MONTHLY INDEMNITY

When by reason of injury and commencing within twenty days after the date of the accident * * *, the insured debtor is wholly and continuously disabled and prevented from performing each and every duty pertaining to his occupation, the Company will pay periodically monthly indemnity equal to the amount of the debtor's monthly payment to the Creditor for the period the insured debtor shall be so disabled and under the regular care and attendance of a legally qualified physician or surgeon, other than himself, commencing with the first day thereof, provided the insured debtor is disabled for fourteen days or more, but in no event beyond the date the insured debtor's indebtedness to the Creditor is discharged.

———◆———

Defendant admitted: Said policy was in full force and effect on January 20, 1966; that the defendant was duly notified by the plaintiff, George W. Simpson and claim was made by George W. Simpson for payment of benefits under the policy inquired about in the preceding requests, which was received by the company prior to April 19, 1966, and within the time provided in the policy for claims to be made; that the defendant, Pacific Fidelity Life Insurance Company denied liability under the terms of the policy inquired about on or about April 19, 1966.

Plaintiff testified as follows: At the time he secured this policy from defendant, he was not suffering from his back in any way. His work consisted of complete motor overhauls and complete automobile

repairs, requiring exertion, lifting and handling the parts being repaired. Simpson ran this shop by himself with no employee. He had not been suffering from his back until January 20, 1966. On or about the 19th or 20th of January, 1966, plaintiff was installing a motor and twisting around to get the motor in position when his back started hurting him. On cross-examination, plaintiff testified he hurt his back about the 19th or 20th of January; he hadn't had any trouble with his back for a couple of years; that he was in his garage installing a motor in a car; he had the motor on a chain hoist and was pushing and shoving it around to place it on the chassis when his back was hurt; that his wife was with him; that he went to his knees and she helped raise him onto the fender where he could stand up. Then he went to Dr. Remirez, who examined him and recommended that he go to the Veterans' Hospital. Remirez gave Simpson a diagnosis of the condition in his back. Simpson went to the hospital the 24th of January and was released the 4th of March, 1966. In the hospital, they operated on his back by a back fusion "taking a piece of bone off my hip and fused it onto my back bone." This was the lower part of his back. After being released from the hospital, he remained nearby so that the doctor could keep him under surveillance for six months. That he had not been able to do any work since January 20, 1966. That he had to sell his business in order to pay indebtedness on it. That after defendant refused to make payments on his car notes while he was disabled, the Pacific Finance Company repossessed it.

Dr. Remirez testified: He had treated Simpson before January 20, 1966, but not for back injuries. About January 20, 1966, Remirez testified, plaintiff came to his office complaining that he injured his back the day before. Plaintiff gave Dr. Remirez a history of having injured his back while at work the day before. Dr. Remirez knew plaintiff worked as a mechanic. The doctor examined plaintiff, who was complaining of pain in his back and in the left leg. Remirez ran tests on him and sent him to the Veterans' Hospital. The doctor found, in his opinion, that plaintiff was suffering from a ruptured disc or ruptured vertebra; the doctor found that plaintiff had a compression causing pressure on plaintiff's neck, with pain in the back and the leg due to something making pressure on the "back and the nerve running from the back to the leg." In the opinion of Dr. Remirez, this was a fresh injury. Based on the history of the case and on the complaints of plaintiff, the evidence of pain in the lumbar region of Simpson's back, the doctor was of the opinion that Simpson had a new injury to his back. Based on that, he referred him to the Veterans' Hospital.

A summary of the Veterans' Hospital records, dated March 16, 1966, with admission date January 24, 1966, with plaintiff discharged on March 4, 1966, is as follows:

This 54 year old while [sic] male was advised he had a ruptured lumbar disc in 1944, while in the Service. He was treated conservatively until 1960 when a laminectomy was performed followed by a second laminectomy in 1961. Since then he complains of persistent weakness in the left leg and areas of numbness on the posterior lateral aspect of the left leg. This is coupled with low back pain with radiation of the pain into the left hip, posterior thigh and left leg. Current episode of pain has been present for about the past four months. Routine admission laboratory work was within normal limits. Hospital course: The patient was treated conservatively initially and a lumbar myelogram was obtained which indicated a defect at the L 4—5 level. On February 16, 1966 patient underwent exploration of the L 4—5, L 5 S 1 and bilateral fusion from L 4 to S 1. Following this he was treated in the usual manner and given a back brace which he tolerated well. He was discharged on

4 March 1966 to return to PHC clinic for follow-up care.

Signed Dr. Dr. P. R. Zeeck. The prior hospital records do not show a bilateral fusion from L 4 to S 1.

It is undisputed that Simpson was under the care of a physician from the date of his injury through March 4, 1966 and six months thereafter. Defendant stipulated that the sum of $750.00 was a reasonable sum for plaintiff's attorneys fees and that they were necessary services performed in the litigation.

Defendant cites Western Indemnity Co. v. MacKechnie, 214 S.W. 456 (Tex.Civ. App.) as supporting his position. In this case, the written policy of insurance was against bodily injuries inflicted, directly *and* independently of all other causes. In the instant case, injury is defined as meaning bodily injuries caused by an accident, and resulting directly *or* independently of all other causes. In this Simpson case, the injury was caused by an accident resulting directly therefrom. We need not go into the question of "independently of all other causes."

█ In Mutual Benefit Health & Accident Ass'n v. Hudman, 398 S.W.2d 110 (Tex.Sup.Ct.), the policy there in question limited coverage to death "if covered injuries result in your death, independently of other causes." Such Hudman case, supra, is not applicable to this instant Simpson case. All of the evidentiary points are overruled.

█ No issue was submitted to the jury to establish the amount of damages. This was error as contended by defendant.

█ There is no necessity to reverse this cause on the question of liability, but only on the question of damages. The question of damages is severable in this case. The amount of damages is uncertain. On the question of liability, the judgment of the trial court is correct, but this cause is reversed on the question of damages and re-

manded to the trial court to determine the proper amount of damages Simpson is entitled to recover as against the insurance company, and to enter judgment accordingly.