## LULING OIL & GAS COMPANY V. HUMBLE OIL & REFINING COMPANY.

No. A-193. Decided October 11, 1944.
(182 S. W., 2d Series, 700.)

*Fulbright, Crooker, Freeman & Bates, C. W. Bell, Bryan, Suhr & Bering,* all of Houston, and *Geo. Cannon,* of San Antonio, for petitioner.

*W. J. Howard, K. W. Kilmore, Rex G. Baker,* and *R. E. Sigler,* all of Houston, for respondent.

PER CURIAM:

It appears that this application for writ of error was granted under a misunderstanding of the status of the case. Upon original hearing the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause with in-

structions. However, on motion for rehearing the original judgment was withdrawn and in lieu thereof the following judgment was entered:

"On this day came on to be heard the motion for rehearing, filed both by appellant and by appellee, and the same having been duly considered, because it is the opinion of this Court that there was error in its original judgment, entered the 1st. day of March, 1944, in one respect only, that is in reversing the cause as a whole, it is now, upon rehearing, adjudged that such order of reversal be withdrawn, and that, instead this Court hold the cause in abeyance here, and that the trial court be directed to correct its error in disregarding the appellant's pleas of limitation and to rehear the same and try out the issues therein raised upon the facts; and that, on return to this Court of the trial court's findings, conformable both to this Court's original opinion and to the opinion this day filed, this Court take further procedure herein; it is further ordered that this Court's original judgment in all other respects remain undisturbed."

■ It is manifest that the case is still pending in the Court of Civil Appeals. Its order of reversal has been withdrawn and the cause held by it in abeyance. Until that court renders a final judgment disposing of the case same cannot be brought to this Court by writ of error. Art. 1739, R. C. S. 1925, Rule 467.

■ While we have acquired no jurisdiction of the case and can enter no effective order therein except an order dismissing the application for writ of error, still in view of the contentions urged here, and as further action in the case must be taken by the Court of Civil Appeals, we deem it not improper to point out that we do not agree with the construction given by that court to Rule 434. We construed that rule in Texas Employers Insurance Association v. Lightfoot, 139 Texas 304, 162 S. W. (2d) 929, and pointed out that since it was but a bringing forward and readoption of old Rule 62A, it should be given the construction theretofore given to that rule. In that opinion we expressly held that Rule 434 did not authorize the Court to try an indivisible cause of action piecemeal.

The order heretofore entered granting a writ of error in this case is set aside and in lieu thereof it is ordered that respondent's motion to dismiss the application for want of jurisdiction be granted.

Application for writ of error dismissed for want of jurisdiction.

Opinion adopted by the Supreme Court October 11, 1944.