**WAPLES–PLATTER CO., Appellant,**

v.

**COMMERCIAL STANDARD INS. CO. et al.,**
Appellees.

No. 15037.

Court of Civil Appeals of Texas.

Dallas.

Jan. 6, 1956.

Rehearing Denied March 9, 1956.

Samuels, Brown, Herman & Scott and Ardell M. Young, Fort Worth, and Allen Clark, Greenville, for appellant.

Ervin Neel and G. C. Harris, Greenville, for appellees.

CRAMER, Justice.

This was an action for damages by appellee fire insurers under a subrogation agreement, growing out of alleged negligence of appellant's employees causing a fire to a building owned by appellees' insured, alleging $6,803.61 to be the fair value of the loss to said building, fixtures, and merchandise. No allegation was made as to the separate value of each item of merchandise, furniture, or fixtures damaged or destroyed, or the extent of damage to the building. The parties entered into an agreement to the effect that on May 9, 1952, date of the fire in question, each appellee-Company had in full force and effect a fire insurance policy, and paid to E. E. Willis, after salvage value, if any, was credited, sums as follows: Commercial Standard Ins. Co., $1,108.22; California Ins. Co.,

$873.31; American Union Ins. Co., $1,446.-19; Fireman's Fund Ins. Co., $922.02; Merchants Fire Ins. Co., $1,222.63; Underwriters Ins. Co., $523.99; and Hartford Fire Ins. Co., $707.25

On the controverted issues submitted to them the jury found in substance that: (1–3) At the time in question one McLerran used a blow torch in close proximity to tar paper and other combustible materials, which was negligence proximately causing the fire; (4–6) at the time in question McLerran did set fire to tar paper, etc., at and near the metal pipe connected with the refrigerator cases, which was negligence proximately causing the fire; (7–9) at the time in question McLerran failed to have with him or readily accessible to him, a fire extinguisher, which was negligence proximately causing the fire; (10–13) prior to the fire the failure of Willis, the insured, to advise Waples-Platter employees then working on the premises that a layer of paper was underneath the tin near the hole that had been made in the south wall of the building, was not negligence; (14–16) prior to the fire on May 9, 1952, insured Willis did fail to request employee McLerran to weld the copper pipe a reasonable distance from said building, but that such failure was not negligence; (17–19) on May 9, 1952, insured Willis failed to request defendant's employee McLerran to make said hole larger before proceeding to weld the pipe, but that such failure was not negligence.

The parties, in addition to the above findings, stipulated as follows: "That on the occasion in question and as a result of the fire on May 9, 1952, E. E. Willis carried with the plaintiffs fire insurance policies which were in full force and effect at the date of the loss, May 9, 1952; that as a result of said fire and loss plaintiffs paid to E. E. Willis the following sums of money: by plaintiff Commercial Standard Insurance Company, the sum of $1,108.22; by plaintiff California Insurance Company, the sum of $873.31; by plaintiff American Union Insurance Company, the sum of $1,446.-19; by plaintiff Fireman's Fund Insurance Company, the sum of $922.02; by plaintiff Merchants Fire Insurance Company of Indiana, the sum of $1,222.63; by plaintiff Underwriters Insurance Company, the sum of $523.99; and by plaintiff Hartford Fire Insurance Company, the sum of $707.25, or an aggregate and total sum of $6,803.61; that such sums were paid by plaintiffs to E. E. Willis in satisfaction and as a result of the loss in question, and upon such payments E. E. Willis gave to each of the plaintiffs a valid assignment."

On the verdict the trial court entered judgment against Waples-Platter Company and in favor of the named Insurance Companies for the sums set out above; and after Waples-Platter's motion for new trial was overruled, it duly perfected this appeal, briefing but one point, to wit: "This being a suit by insurers (appellees) under a subrogation agreement from an insured for damages alleged to have resulted to a building and stock of merchandise on account of the negligence of appellant's employees in setting fire to the building, appellees were required to prove the value of the property damaged or destroyed or its replacement value. Since appellees wholly failed to prove either value of such property, the motion of appellant for an instructed verdict should have been sustained and the trial court erred in overruling said motion."

Appellees countered that: "Where the parties in open court and at the beginning of the trial, and in the absence of the jury, made stipulation and agreement, which included the amount of loss and damage involved in the case, there was no necessity for the appellees to prove the value of the property lost and damaged, and the trial court did not err in overruling appellant's motion."

The burden of appellant's contention under its point is stated by it as follows: "* * * all that the stipulation adds up to is that the seven appellees agreed with Willis upon an adjustment of his alleged loss, paid him the respective amounts set forth therein and took an assignment from him and thereby became subrogated to his

rights." Appellant stresses the extreme importance of the omission of any words concerning value; or which could be construed as concerning or relating to value of the property alleged to have been damaged or destroyed, coupled with the undisputed fact that no evidence was introduced as to value of the property damaged or destroyed.

 Appellant in our opinion is correct in its assertion that the wording of the stipulation quoted does not cover the question of the reasonable cash market value of the property damaged or destroyed. The measure of damages was not the amount paid on the fire loss claim, but was the reasonable cash market value of the property at the time it was destroyed by the fire; or, if not totally destroyed, the difference between the reasonable cash market value of the property immediately before and immediately after it was damaged. The record discloses that appellant in its motion for instructed verdict stated, as two of the grounds therefore, that: (7) Appellee insurance companies have wholly failed to plead or prove any damages or any proper measure of damages; and (8) have failed to prove their case, and the facts are wholly insufficient to justify any recovery by them against it. Considering the above, we must sustain the point, but only in so far as it affects the issues on reasonable cash market value of the items of damage. It is not necessary that we here render judgment for appellant, as prayed for by it, since the questions of liability have been fully developed and settled by the jury and the judgment in this case; and justice will be fully and better served by remanding the cause to the trial court for a proper trial and determination of the issue of the reasonable cash market value of the items of property involved; and thereafter, in connection with the issues found by the jury on the first trial, render judgment for the amount the jury then finds on values,—all as authorized by Rule 290, par. 3, Vernon's Annotated Rules of Civil Procedure, and Gerlich v. Myers, Tex.Civ.App., 290 S.W. 270.

Reversed and remanded with instructions.