WAPLES-PLATTER COMPANY v. COMMERCIAL STANDARD INSURANCE COMPANY ET AL.

No. A-5791. Decided October 3, 1956.
Rehearing Overruled November 7, 1956.
(294 S.W. 2d Series 375)

*Allen Clark,* of Greenville, *Samuels, Brown Herman & Scott,* and *Ardell M. Young,* of Fort Worth, for Petitioner, Waples-Platter Company.

Since the issues in this case are closely related and indivisible, the Court of Civil Appeals erred in failing to remand the cause for a trial on all the issues involved, and not just for the value of the property involved. Fisher v. Coastal Transport Co., 149 Texas 224, 230 S.W. 2d 522; Texas Emp. Ins. Ass'n. v. Lightfoot, 139 Texas 304, 162 S.W. 2d 929; Luling Oil & Gas Co. v. Humble Oil & Refining Co., 143 Texas 54, 182 S.W. 2d 700.

*Ervin Neel* and *G. C. Harris,* both of Greenville, for respondent, Commercial Standard Ins. Co.

MR. JUSTICE WALKER delivered the opinion of the Court.

A building and certain personal property belonging to E.

E. Willis and covered by fire insurance policies issued by respondents in his favor were damaged by fire. Respondents paid their insured $6,803.61 in satisfaction of his loss and instituted suit against petitioner to recover that amount under their right of subrogation, alleging that the fire was caused by the negligence of petitioner's employees. The jury having answered special issues on primary negligence, contributory negligence and causation in such manner as to establish petitioner's liability for the loss, the trial court entered judgment in favor of respondents, respectively, for the amounts paid by them to Mr. Willis. The Court of Civil Appeals concluded that respondents had failed to establish the amount of the damages, and remanded the cause for a new trial of the issue of damages only. 287 S.W. 2d 680. Applications for writs of error were filed by petitioners and by respondent, and both applications were granted. It is our opinion that the Court of Civil Appeals properly reversed the judgment of the trial court, but that the cause should be remanded for a new trial on all issues.

No evidence of the value of the property damaged or destroyed was introduced, and no issue on damages was given or requested. At the beginning of the trial, the parties stipulated that respondents had policies of insurance in force at the time of the fire and paid various amounts to E. E. Willis, "that the net sum paid by the plaintiffs to Mr. Willis in satisfaction of and as the result of the loss in question and controversy was $6,803.61; and that upon payment to Mr. Willis of such sum by plaintiffs they took a valid assignment from him." Respondents contend that this constitutes a stipulation as to the amount they are entitled to recover in the event petitioner's liability is established, and that it was not necessary for them to offer evidence on that issue or submit the same to the jury.

■ By the terms of the stipulation, the parties simply agreed that respondents paid a certain amount to their insured in satisfaction of and as a result of the loss in controversy. The measure of damages in this case is not the amount paid by respondents to Mr. Willis, but the reasonable cash market value of the property at the time it was destroyed by the fire, or if not totally destroyed, the difference between the reasonable cash market values of the property immediately before and immediately after it was damaged. We agree with the Court of Civil Appeals that the stipulation does not constitute an agreement as to the amount respondents are entitled to recover in the present controversy, and does not supply all of the facts necessary to establish the same.

■ Petitioner contends that the Court of Civil Appeals erred in failing to remand the cause for a new trial of the liability issues as well as the issue of damages. The reversal by the courts of civil appeals of the judgments of lower courts is regulated by Rule 434 of our Rules of Civil Procedure, which provides that " * * * if it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error."

It is well settled that this rule does not contemplate the trial of an indivisible cause of action by piecemeal. Texas Employers' Ins. Ass'n. v. Lightfoot, 139 Texas 304, 162 S.W. 2d 929; Luling Oil & Gas Co. v. Humble Oil & Refining Co., 143 Texas 54, 182 S.W. 2d 700; Fisher v. Coastal Transport Co., 149 Texas 224, 230 S.W. 2d 522. The same construction was given Rule 62a, which formerly governed procedure in the courts of civil appeals and which was promulgated without change of wording as part of Rule 434. Phoenix Assur. Co. v. Stobaugh, 127 Texas 308, 94 S.W. 2d 428. The issues of liability and of damages in this case are the elements of an indivisible cause of action, and the Court of Civil Appeals is not authorized to require the same to be tried piecemeal.

It has been suggested that Rule 174 permits the trial court to order separate trials of the issues of an indivisible cause of action, and that we should adopt a construction of Rule 434 which would confer the same power upon the courts of civil appeals. See 21 Texas Law Rev. 334. Rule 434 does not authorize a partial reversal and remand unless the issues are severable, and the issue of damages in the present case is not severable from the liability issues. We recognize that the Rules are to be liberally construed, but liberal construction does not mean that the plain provisions of a rule may be completely disregarded. Whether the administration of justice will best be served by permitting the appellate courts to order a new trial of only the issues affected by the errors requiring a reversal is a question which must be considered in determining whether to amend Rule 434.

The judgment of the Court of Civil Appeals is modified so as to order a full remand of the entire cause for a new trial of all issues, and as modified is affirmed.

Opinion delivered October 3, 1956.

Rehearing overruled November 7, 1956.