**JACK RITTER INC. OIL COMPANY,**
Appellant,

v.

**FRED BANDAS AND SONS, INC., Appellee.**

No. 11258.

Court of Civil Appeals of Texas.

Austin.

Jan. 27, 1965.

Coffee, Ritter & Goldston, Austin, for appellant.

---

HUGHES, Justice.

■ Appellee, Fred Bandas and Sons, Inc., has filed no brief. We accept as correct, under the authority of Rule 419, Texas Rules of Civil Procedure, the statements made by appellant, Jack Ritter Inc. Oil Company, in its original brief as to the facts and the record.

Appellee sued appellant alleging performance of a paving contract between the parties whereby appellee agreed to furnish the base materials and pave with asphalt appellant's service station at Sparks, Texas, for $1.25 per square yard. Appellee alleged that it had paved 957 square yards under this contract and was entitled to be paid therefor the sum of $1196.25.

In addition, appellee alleged that appellant had, subsequent to the execution of the contract, authorized certain extra work to be done and material furnished by appellee, and for the performance of such work and furnishing of such materials appellee was entitled to receive the sum of $631.99 in addition to the sum due under the original contract. Demand and refusal to pay these two sums was alleged, and judgment for $1828.-24, interest, attorney's fees and costs were sought.

Trial was to the court without a jury. Judgment was rendered for appellee for the sum of $1575.74, with interest from February 28, 1964, at 6%, the costs being apportioned three-fourths to appellant, one-fourth to appellee.

Findings of fact and conclusions of law by the trial court were requested by appellant. In compliance with this request, the court filed the following findings of fact:

"1. On February 15th, 1960, plaintiff and defendant entered into an agreement for the construction of an asphalt base paving on defendant's property, a service station, in Sparks, Bell County, Texas.

"2. That defendant agreed to pay plaintiff therefor the sum of $1.25 per square yard of area covered by the asphalt.

"3. Upon completion of the work, plaintiff having substantially performed under the agreement, plaintiff demanded payment therefor and defendant refused to pay.

"4. The amount due to plaintiff under the agreement is $1828.24 less adjustments for error in the number of square yards completed and unproved claims for certain gravel and repair totalling $252.50, leaving a balance due and owing plaintiff of $1575.24."

The court concluded from these findings that the parties had entered into a binding agreement, that the work was properly performed according to such agreement, and that appellant owed appellee the sum of $1575.24.

Appellant admits liability under the express agreement for $1196.25. This sum represents the cost of 957 square yards of paving at $1.25 per yard. This accords with the undisputed evidence and the pleading of appellee.

Appellee does plead that it expended $1828.24 "in completing his agreed part of the contract" and that such expenditures, which are itemized, were reasonable in the community where the services were rendered and the materials furnished.

■ There are no findings of fact to support a recovery in excess of $1196.25, the amount admitted to be due under the specific contract alleged. Rule 299, T.R.C.P.,

requires finding of fact upon all grounds of recovery in order to form the basis of a judgment. Such Rule also prohibits support of a judgment by implied findings where no element of the ground of recovery has been found by the trial court.

It is our opinion that the error in the judgment affects only a part of the matter in controversy and that we have authority, under Rule 434 T.R.C.P., to reform the judgment and to affirm it as to the claim under the agreement to pave the service station at Sparks for $1.25 per square yard under which $1196.25 is owing. See Waples-Platter Co. v. Commercial Standard Ins. Co., 156 Tex. 234, 294 S.W.2d 375.

Accordingly, we modify and affirm the judgment, in part, as above indicated. In all other respects this cause is reversed and remanded.

Costs of appeal are assessed against appellee; costs of the trial court, to date, are adjudged two-thirds against appellee, the remaining trial court costs to abide the event.

Judgment modified and affirmed in part and in part reversed and remanded.