## PACIFIC FIDELITY LIFE INSURANCE COMPANY, Petitioner,

v.

## George W. SIMPSON, Respondent.

### No. B–950.

Supreme Court of Texas.

Nov. 6, 1968.

Orgain, Bell & Tucker, Gilbert I. Low, Beaumont, for petitioner.

R. A. Richardson, Dwayne V. Overstreet, Kountze, for respondent.

## ON APPLICATION FOR WRIT OF ERROR

### PER CURIAM.

This suit arises out of a group disability insurance policy issued by Pacific Fidelity Life Insurance Company, petitioner. Under its terms, petitioner was obligated, subject to certain exclusions and other provisions, to pay monthly installments maturing, while respondent was wholly and continuously disabled as a result of accidental injury, on a note owing by respondent to Pacific Finance Corporation. The note was secured by a lien on an automobile.

Respondent made claim for benefits under the policy, asserting that he was disabled by an accident which occurred on or about January 20, 1966. Petitioner denied liability. The installments maturing on the note were not paid, and Pacific Finance Corporation repossessed the automobile. Respondent then brought this suit to recover the value of the automobile, alleged to be $2,000.00, plus penalty and attorney's fees. In response to the four special issues submitted, the jury: (1) found that respondent sustained an injury to his back; (2) found that as a result of such injury respondent became wholly and continuously disabled on January 20, 1966; (3) found that such disability continued for a period of more than 14 consecutive days; and (4) refused to find that the condition causing respondent's disability commenced prior to the issuance of the policy. The trial court rendered judgment on the verdict in respondent's favor for $2,000.00 damages plus $990.00 penalty and attorney's fees. The Court of Civil Appeals reversed the trial court's judgment and remanded the cause for a determination of the damages only. 429 S.W.2d 170.

Respondent did not file an application for writ of error. Petitioner's points of error attack only the partial remand. No other question has been brought here for review. The holding of the Court of Civil Appeals that a partial remand may properly be ordered in a case of this character to enable the trial court to determine only the amount of damage is in conflict with our opinions in Phoenix Assur. Co. of London v. Stobaugh, 127 Tex. 308, 94 S.W.2d 428, and Texas Employer's Ins. Ass'n v. Lightfoot, 139 Tex. 304, 162 S.W.2d 929. See also Houston Natural Gas Corp. v. Janak, Tex. Sup., 422 S.W.2d 159; Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648, 85 A.L.R.2d 1; Waples-Platter Co. v. Commercial Standard Ins. Co., 156 Tex. 234, 294 S.W.2d 375. In accordance with the provisions of Rule 483, Texas Rules of Civil Procedure, and without granting the application for writ of error, the judgment of the Court of Civil Appeals is modified so as to order a general remand for the trial of all issues between the parties. The judgment of the Court of Civil Appeals as so modified is affirmed.