**GREAT STATE PETROLEUM, INC., Appellant,**

v.

**ARROW RIG SERVICE, INC., d/b/a Arrow Trucking Company and Lincoln Insurance Company, Appellees.**

and

**ARROW RIG SERVICE, INC., d/b/a Arrow Trucking Company, Appellant,**

v.

**GREAT STATE PETROLEUM, INC. and Lincoln Insurance Company, Appellees.**

No. 2–85–050–CV.

Court of Appeals of Texas, Fort Worth.

July 16, 1986.

Steves, Leonard & Jones, and Michael L. Sampson, and Sterling W. Steves, Fort Worth, for Great State Petroleum, Inc.

Glandon, Erwin, Scarborough, Baker, Choate and Arnot, and John D. Hart and Frank Scarborough, Abilene, for Arrow Rig, Inc.

Mike Russell, Arlington, for Lincoln Ins. Co.

Before FENDER, C.J., and HOPKINS and HUGHES (Retired, Sitting by Assignment), JJ.

## OPINION ON REHEARING

HOPKINS, Justice.

All three parties have filed motions for rehearing in this cause, asserting numerous "assignments" and points of error. On the same day this case was originally decided, the Texas Supreme Court altered its position in *Pool v. Ford Motor Co.*, concerning the proper method of interpreting the wording of points of error challenging

sufficiency of the evidence.[1] Therefore, we grant Great State's motion for rehearing which contends, inter alia, that points of error four and five in Great State's appellate brief raised challenges to the *factual*, and not the legal, sufficiency of the evidence. We deny the motions for rehearing filed by Lincoln and Arrow Rig; however, in an effort to clarify our original opinion, prior to re-addressing Great State's original points of error four and five, we will discuss several of the other issues raised by the parties on rehearing.

Great State and Lincoln both assert, for different reasons, that we erred in our original opinion in remanding the issue of liability.

As authority for its contention, Great State cites TEX.R.CIV.P. 434 which provides, in pertinent part:

> [I]f it appear to the court that the error affects a part only of the matter in controversy and that such part is clearly separable without unfairness to the parties, the judgment shall be reversed and a new trial ordered as to that part affected by such error, *provided that a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested.* [Emphasis added.]

*Id.* Initially, Great State claims that when no points of error are raised on appeal with regard to liability, the Court of Appeals may remand only on the issue of damages. Great State places total reliance upon the case of *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 166 (Tex.1982), which Great State appears to interpret as standing for the rule that a party *must* contest liability findings on appeal in order to avoid a remand on damages alone. We disagree with Great State's analysis of the holding in *Turner*. That holding only dealt with the emphasized clause of the above quote from Rule 434, regarding the mandatory provision that *prohibits* a partial remand when liability issues are contested, and did *not* hold that

if a party does not contest liability findings on appeal, he cannot avoid a remand on damages alone. Great State has overlooked the provision of Rule 434 which states that in order for partial remand to be proper, the issues must be "clearly separable without unfairness to the parties."

In this regard, the Texas Supreme Court case of *Waples-Platter Co. v. Commercial Standard Ins. Co.*, 156 Tex. 234, 294 S.W.2d 375, 376 (1956) is instructive concerning the propriety of a partial remand on the issue of damages alone. The *Waples'* Court held that under a former version of Rule 434 (which provided that if the error affected only a part of the matter in controversy, and the issues are *severable*, a partial remand was proper), the issues of liability and damages in that case were elements of an "indivisible cause of action", and the court of civil appeals was not authorized to require the same to be tried piecemeal. *Id.* at 377. *See also Woods v. Littleton*, 554 S.W.2d 662, 672 (Tex.1977) (opinion as corrected on denial of reh'g) (issues of liability and amount of damages were so intertwined that a severance—a partial remand on the issue of damages only—would be unfair to the parties); *Pacific Fidelity Life Insurance Co. v. Simpson*, 434 S.W.2d 116, 117 (Tex.1968); and *Houston Natural Gas Corp. v. Janak*, 422 S.W.2d 159 (Tex.1967)(per curiam).

■ We hold that the issues of liability and damages in the instant case are so intertwined that they are not clearly separable without unfairness to the parties, and a partial remand is not appropriate. We overrule Great State's first assignment of error on rehearing.

■ Lincoln claims that the issue of liability should not be relitigated inasmuch as it was "undisputed on appeal" because the jury findings regarding negligence and breach of warranty were stated in the appellate briefs of Great State and Lincoln, and were not challenged in Arrow Rig's

---

1. *Compare*, 29 Tex.Sup.Ct.J. 204 (Feb. 12, 1986), with 715 S.W.2d 629 (1986) (opinion on reh'g).

brief. Accordingly, Lincoln maintains that Arrow Rig's negligence and breach of warranty are to be treated by this Court as "correct", pursuant to TEX.R.CIV.P. 419. That rule of procedure provides as follows:

Any statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by opposing party.

*Id.* This Rule vests with the Court of Appeals considerable discretion in accepting unchallenged statements made by an appellant as to the facts and the record. *Rocha v. Campos,* 574 S.W.2d 233, 235 (Tex.Civ.App.—Corpus Christi 1978, no writ). It is true that Great State's and Lincoln's briefs mentioned the jury findings regarding liability, and that Arrow Rig did not dispute that these were indeed the answers of the jury with regard to certain special issues. However, simply because Arrow Rig (by its silence) impliedly acknowledged under TEX.R.CIV.P. 419 that Great State and Lincoln had accurately stated the nature of the trial proceedings, this has no bearing upon the correctness of the answers themselves regarding liability. Lincoln cites no authority in support of its extremely abbreviated argument on this topic, and we find that Rule 419 is inapplicable to this situation.

In its third assignment of error on rehearing, Great State challenges our disposition of its points of error four and five, regarding which we held that although these points appeared to challenge the *factual* sufficiency of the evidence, we were bound by language in the recent Supreme Court case of *Pool v. Ford Motor Co.,* 29 Tex.Sup.Ct.J. 204 (Feb. 12, 1986) (motion for reh'g then pending), and we construed the points of error as raising a challenge to the *legal* sufficiency of the evidence. As Great State correctly points out in its motion for rehearing, the Texas Supreme Court subsequently issued an opinion on rehearing, *see Pool v. Ford Motor Company,* 715 S.W.2d 629 (1986) (opinion on reh'g), wherein the Court altered its prior stance with regard to interpretation of points of error raising challenges to the sufficiency of

the evidence. Therefore, we will now address points of error four and five in Great State's appellate brief which allege: 1) the evidence is factually insufficient to support the jury's answer to Special Issue No. 15 (that the damages for loss of use for the time required to repair the derrick were $12,500.00); and 2) that the jury's answer to this special issue was against the great weight and preponderance of the evidence.

In light of the fact that Special Issues Nos. 14–15 pertaining to damages are so interrelated that the jury's answers thereto must be construed together, and inasmuch as in our original opinion we reversed and remanded for a new trial holding that the trial court erred in submitting Special Issue No. 15 with the "mitigation" instruction and in refusing to submit Great State's requested Special Issues Nos. 13–16 (regarding repair and replacement costs of the derrick of the drilling rig), it is not necessary for us to rule upon Great State's challenges to the factual sufficiency of the jury's answer to Special Issue No. 15. Furthermore, even though we will proceed to address these points of error, we reach the conclusion that Great State's contentions are not born out by the evidence.

█ When a point of error challenging a jury finding is framed either as an "insufficient evidence" point, or as an "against the great weight and preponderance of the evidence" point, this is a challenge to the factual sufficiency of the evidence. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEXAS L.REV. 361, 366 (1960). In such a case, a Court of Appeals must consider and weigh all the evidence, both the evidence which tends to support the existence of a vital fact, as well as the evidence which tends to disprove its existence. *Cain v. Bain,* 709 S.W.2d 175, 176 (1986) (per curiam); *Dyson v. Olin Corp.,* 692 S.W.2d 456, 457 (Tex. 1985). So considering the evidence, if a jury finding is "so contrary to the overwhelming weight of the evidence as to be

clearly wrong and unjust", the point should be sustained. *Cain*, 709 S.W.2d at 176.

█ Special Issues Nos. 14 and 15, and the jury's answers thereto, were set out in full in our original opinion. As is evident from a review of the jury's answers, in both of these issues the jury wrote notations after its answer, which items Great State uses in support of its argument regarding these points of error. However, we will not consider these notations in determining the sufficiency of the evidence with regard to Special Issue No. 15 inasmuch as handwritten notations in the margin of the jury charge do not constitute conclusive proof as to how the jury arrived at its total damages' answer. *See Mills v. Jackson*, 711 S.W.2d 427 (Tex.App.—Fort Worth, 1986) (discussing this issue extensively at pps. 429–431).

█ The only evidence regarding Great State's damages resulting from the loss of use of the drilling rig came from Great State's president, Edward Blanchard, who testified that Great State lost $5,000.00 for each day the drilling rig was not in use. As discussed in our original opinion, the testimony regarding the length of time required to repair the damaged derrick was conflicting; basically, Great State's expert witness testified that the repair time would be two to three weeks, whereas Arrow Rig's expert witness testified that the repairs would take two and one-half to three days to effectuate. The jury, as the trier of fact, could have chosen to believe that the damaged derrick was capable of repair in two and one-half to three days. If that be the case, this evidence when combined with that of Blanchard's testimony, could readily have resulted in the jury's answer of $12,500.00 to Special Issue No. 15.

Applying the aforementioned standards of review to this factual situation, we do not find that the jury's answer to Special Issue No. 15 is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Accordingly, we overrule Great State's points of error four and five in their original brief.

We have considered Great State's second, fourth, fifth, sixth and seventh assignments of error on rehearing, and finding they have no merit, we overrule same.

One further development resulting from the Texas Supreme Court's withdrawal of its first opinion in *Pool* is that in our original opinion we construed Great State's point of error fourteen (regarding the jury's answers to special issues that Great State's attorneys should receive no compensation for attorney's fees on appeal) to be a challenge to the legal sufficiency of the evidence. As so construed, we sustained the point of error. At this juncture, it is apparent from the subsequent *Pool* opinion, *see* 715 S.W.2d 629 that this point of error is in actuality a challenge to the *factual* sufficiency of the evidence. Inasmuch as we have previously sustained point of error thirteen and found the evidence in support of the jury's answers regarding attorney's fees on appeal to be *legally* insufficient, we deem it unnecessary to address point of error fourteen challenging the *factual* sufficiency of the evidence.

Lastly, we have carefully reviewed Lincoln's second point of error on rehearing, and the points of error urged on rehearing by Arrow Rig, and are unpersuaded to alter our original opinion, except as provided herein.