**OTIS ELEVATOR, CO., Petitioner,**

v.

**George BEDRE, Respondent.**

**No. C–8148.**

Supreme Court of Texas.

June 21, 1989.

Rehearing Denied Oct. 4, 1989.

Dewey J. Gonsoulin, Michael R. McGown, Beaumont, for petitioner.

Joseph C. Blanks, Beaumont, Benton Musslewhite, Houston, Charles Dewer Cole, Jr., New York City, for respondent.

PER CURIAM.

The issue before us concerns an appellate court's authority to limit the scope of its remand. The plaintiff in the trial court, George Bedre, was an oil field worker who worked on a ' coker unit" owned by his employer, Mobil Oil. Defendant, the Otis Elevator Company, designed, manufactured and installed the coker unit when it was built in 1961. In 1975, Otis signed a maintenance contract with Mobil, and thereafter periodically repaired the elevator. In 1981, Bedre was working with a fellow employee at the top of the coker unit, removing the head of a large drum, when steaming hot water began pouring out. Bedre and his fellow employee attempted to descend the two floors, but the elevator allegedly failed to respond. Although there were stairs available, Bedre chose to take an emergency pole, slipped and was seriously injured.

Bedre brought suit against Otis Elevator, alleging both negligence and strict liability claims. The cause was tried to a jury, which found against Otis, but failed to find Bedre contributorily negligent. The trial court rendered judgment on the verdict for Bedre. The court of appeals, based on the erroneous submission of the issues on Otis' liability, reversed in part and re-

manded for a new trial solely on the issues of Otis' liability. 758 S.W.2d 953. In so limiting its remand, the appellate court reasoned from the jury's failure to find Bedre contributorily negligent that the jury had "absolved" Bedre of negligence, so that these issues need not be retried. 758 S.W.2d at 958–59. Similarly, the court concluded that the damages issues were correctly submitted and not to be retried. *Id.* at 959. Both parties filed applications for writ of error.

Among other things, Otis argues that the court of appeals erred in limiting a new trial to the issues of Otis' liability. Otis asserts that the remand should also include Bedre's contributory negligence and damages. In limiting its remand, the court of appeals purported to rely on Tex.R.App.P. 81(b)(1). The Rule provides in part that if it appears that reversible error affects

> a part only of the matter in controversy and such part is clearly separable without unfairness to the parties, the judgment shall only be reversed and a new trial ordered as to that part affected by such error, provided that a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested.

The Rule, however, does not authorize a partial reversal and remand unless the issues are severable. *See Waples–Platter Co. v. Commercial Standard Ins. Co.,* 156 Tex. 234, 294 S.W.2d 375 (1956) (interpreting a predecessor to Tex.R.App.P. 81(b)(1)). In *Waples–Platter* this court concluded that issues of liability and damages were "elements of an indivisible cause of action" and the court of appeals was not authorized to require these issues to be tried "piecemeal." *Id.* 294 S.W.2d at 377. In the same manner, the liability issues between the plaintiff and the defendant here —Otis' liability and Bedre's contributory negligence—are also indivisible.

The decision of the court of appeals, as it pertains to its limited remand, is in conflict with *Waples–Platter* and Tex.R.App.P. 81(b)(1). Pursuant to Tex.R.App.P. 133(b), a majority of the court grants Otis' application for writ of error, and, without hearing oral argument, remands the cause for new trial on all issues.