HARTFORD INSURANCE COMPANY, Michael D. Leonard, and Colette Flowers Leonard, Appellants,

v.

Tracy Scott JIMINEZ, Appellee.

No. 01–90–00636–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 22, 1991.

Stephen E. Garner, Houston, for appellants.

Mickey Palmer, Houston, for appellee.

Before MIRABAL, HUGHES and COHEN, JJ.

## OPINION

COHEN, Justice.

Michael and Colette Leonard ("Leonard") sued Tracy Jiminez ("Jiminez") for negligently damaging their car in an automobile accident. After a nonjury trial, the court found Jiminez was 65% negligent in the accident and Leonard was 35% negligent, but the trial court also concluded there was no evidence Leonard sustained damages, and rendered a take-nothing judgment.

Leonard contends in the third point of error that the trial court erred by its conclusion of law there was "no evidence that damages were sustained" because the court's own findings of fact were that Leonard's automobile was damaged beyond repair in the accident. Leonard contends this finding of fact shows the trial court believed there was evidence of damages, contrary to its conclusion of law.

■ The trial court's second and sixth findings of fact were that Leonard's automobile was damaged in the accident such that it could not be repaired. The parties and the court agree that Jiminez's car struck and damaged Leonard's car. Collette Leonard testified that Hartford, her insurance company, paid her $7,100 for her vehicle, and photographs of the damage were admitted into evidence. Chevelle Gillespie, an insurance adjuster, testified she investigated the accident. She saw pictures of Leonard's vehicle, and in her opinion, it was totalled. Gillespie testified the total payout by Hartford for property damage was $6,867 and that she would not have paid an amount she did not feel was justified.

■ The measure of damages to property that is totally destroyed is its reasonable market value when destroyed. *Waples–Platter Co. v. Commercial Standard Ins. Co.*, 156 Tex. 234, 236, 294 S.W.2d 375, 376 (1956). Leonard presented no evidence of reasonable market value. Absent such evidence, there was no basis for an award of damages to Leonard. It was Leonard's burden to prove the amount of damages. What an insurance company paid is not evidence of reasonable market value. *Id; accord* 6A J. APPLEMAN, INSURANCE LAW AND PRACTICE § 4103, at 382 (1972).

We interpret the judge's conclusion of law ("There is no evidence that damages were sustained by Plaintiff") to mean that there was no evidence of the *amount* of damages sustained. We do not interpret it to mean there was no evidence Leonard's car was damaged. Clearly, there was such evidence, and the trial court believed it, as shown by its findings of fact.

■ We will not set aside a judgment because of conflicting findings of fact, by a judge or by a jury, if the conflict can be reconciled. *Allied Bank W. Loop, N.A. v. C.B.D. & Assoc. Inc.*, 728 S.W.2d 49, 56 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Woodyard v. Hunt*, 695 S.W.2d 730, 732 (Tex.App.—Houston [1st Dist.] 1985, no writ); 3 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 15.06.5 (1983). The same rule should apply to conflicts between findings of fact and conclusions of law. The conflict here can be reconciled by concluding that the judge found Leonard's car was damaged, but found no evidence to support a damage award based on the correct legal standard of reasonable market value. This conclusion is especially appropriate in this case, where it was conclusively shown that Leonard's car was damaged, but no evidence whatever was admitted showing its reasonable market value at the time of the collision.

The third point of error is overruled.

■ Leonard contends in her first point of error that the trial court erred in finding her negligent because Jiminez did not plead the affirmative defense of contributory negligence. The error was harmless, however, because the judgment is not based on Leonard's negligence. The conclusions of law show the judgment was rendered because Leonard did not prove the amount of her damages. Thus, Leonard was not harmed by this error. TEX.R.APP.P. 81(b)(1).

The first point of error is overruled.

Leonard's second point of error contends there was insufficient evidence to find her negligent. Any error in that finding was harmless because, as stated, it did not cause the rendition of an improper judgment. TEX.R.APP.P. 81(b)(1).

The second point of error is overruled.

■ Leonard's fourth point of error claims the trial court erred in sustaining hearsay objections to Gillespie's expert testimony about damages to Leonard's vehicle.

A party complaining about the exclusion of evidence must show, by bill of exception, the content of the excluded evidence. TEX.R.CIV.EVID. 103(a)(2); TEX.R.APP.P. 52(b), (c). Leonard did not do so; thus, nothing is presented for review.

The fourth point of error is overruled.

Leonard's fifth point of error contends the trial court erred in refusing to admit business records showing the amount of damages.

Leonard has not shown she attempted to introduce an exhibit that was excluded by the trial court. Moreover, she has not stated which of the allegedly excluded exhibits is the subject of this point of error. At least four different exhibits in our record were marked for identification at trial by Leonard.

Leonard never offered any particular exhibit into evidence and never made a bill of exceptions showing what those records contained. TEX.R.APP.P. 52(b), (c). Nothing is presented for review.

The fifth point of error is overruled.

The judgment is affirmed.