COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-046-CV

 

 



FRANCIS
J. WILLIAMS, JANET DENISE                                 APPELLANTS

DEPOMA, NANCY SHARON
WILLIAMS, 

JIMMY WILLIAMS, AND TOMMY
WILLIAMS

INDIVIDUALLY AND
COLLECTIVELY AS ALL 

THE HEIRS OF CARL H.
WILLIAMS

 

                                                   V.

 

LIFECARE
HOSPITALS OF NORTH TEXAS, L.P.                          APPELLEES

D/B/A LIFECARE HOSPITAL
OF FORT WORTH

AND LIFECARE MANAGEMENT
SERVICES, L.L.C.

 

                                              ------------

 

            FROM THE
48TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Appellants sued LifeCare Hospitals of North
Texas, L.P. d/b/a LifeCare Hospital of Fort Worth (ALifeCare
Hospital@) and
LifeCare Management Services, L.L.C. (ALifeCare
Management@), alleging medical negligence,
malice, and single business enterprise and seeking compensatory and exemplary
damages.  The trial court rendered
judgment on a verdict against appellees based upon jury findings of negligence
of LifeCare Hospital and single business enterprise as to both LifeCare entities,
awarding compensatory damages, prejudgment interest, and court costs for a
total of $544,795.32, with post-judgment interest to accrue at 6.75%,
compounded annually.[1]  

Appellants filed a notice of appeal stating that
they do not seek to appeal the jury=s
findings on which the judgment is based but are appealing the trial court=s
refusal to submit certain jury questions and accompanying instructions and
definitions and seeking a remand and new trial on those issues that are Aclearly
separable@ from the final judgment without
prejudice to the parties.[2]  








Appellees deposited the full amount of the
judgment into the registry of the court, including postjudgment interest
accrued up to the date the monies were deposited, totaling $547,717.07.  The clerk=s record
now on file with this court reflects that the trial court ordered $400,000
disbursed from the registry to appellants and subsequently ordered the
remainder to be disbursed to appellants=
attorney of record, and appellants accepted those sums on December 21, 2005,
and March 2, 2006, respectively. 
Appellees have filed a motion to dismiss the appeal, contending that
appellants have accepted the full benefits of the judgment and are estopped to
maintain this appeal.  At appellants=
request, we abated the briefing schedule, including the filing of both sides= briefs,
until we dispose of the motion to dismiss. 

                            AACCEPTANCE
OF BENEFITS@ RULE








Appellees contend that appellants are barred from
appealing because appellants accepted of the full benefits awarded to them in
satisfaction of the judgment.  Appellees
rely upon the well-settled Aacceptance
of benefits@ rule, under which a party who
accepts the benefit of a judgment is estopped from challenging the judgment by
appeal.[3]  A party cannot Atreat a
judgment as both right and wrong, and if he has voluntarily accepted the
benefits of [the] judgment, he cannot afterward prosecute an appeal therefrom.@[4]  The doctrine arises most often in divorce
cases in which one spouse accepts certain assets awarded by the judgment and
then seeks to appeal the remainder of the judgment.[5]  The burden is on the appellee to prove that
appellant is estopped by the acceptance of the benefits doctrine.[6]   








        Appellees recognize that there are two narrow exceptions to the
rule:  (1) when acceptance of the
benefits is because of financial duress or other economic circumstances; and
(2) when the reversal of the judgment on the grounds appealed cannot possibly
affect an appellant=s right to the benefits accepted
under the judgment.[7]  The second exception has also been
characterized as applying to situations in which appellant accepts only that
which appellee is bound to concede to be due him and the appeal involves only
appellant=s right to further recovery.[8]


Appellants invoke the second exception, urging
that they are not appealing the jury=s
findings as to any issue submitted by the trial court, including the jury=s
findings as to negligence, single business enterprise, and compensatory
damages, nor are they complaining of the amount of the judgment rendered on the
jury=s
findings.  Appellants assert that their
only points of error will concern the trial court=s
refusal to submit jury questions as to appellee LifeCare Hospital on malice and
exemplary damages, on which evidence was submitted and preserved, and
accompanying instructions and definitions.[9]
         








Appellants contend that their appeal, confined to
malice and exemplary damages regarding LifeCare Hospital, seeks only further
recovery and is separable from the remainder of the case and, if they are
successful on appeal, reversal and remand will only be required as to those
issues that were never submitted to the jury. 
Appellants also argue, that because malice and exemplary damages as to
LifeCare Hospital were not submitted to or found by the judgment, they did not
accept any benefits for exemplary damages and are not treating the judgment as
both right and wrong as to that part of the case. 

Appellants seek to distinguish the cases cited by
appellees as involving appeals that potentially affected the benefits received
by the appellants in those cases.[10]  Appellants rely upon Kline v. O=Quinn,[11]
in which the court of appeals denied appellee=s motion
to dismiss an appeal where, as in this case, appellant had accepted the
compensatory damages, plus interest, awarded by the judgment and sought only an
additional award of punitive damages.    














Kline is inapposite.  In that case, an arbitration award ordered
both compensatory and punitive damages to be paid to appellant.[12]  The trial court modified the award to delete
the amount awarded for punitive damages as improperly submitted to arbitration.[13]  On appeal, appellant did not seek a remand
and new trial but merely sought to reinstate the award of punitive damages.[14]  Appellee then paid the compensatory damages,
which were accepted by appellant, and moved to dismiss the appeal based on the Aacceptance
of benefits@ rule.[15]  In denying the motion to dismiss, the
appellate court noted the two narrow exceptions to the rule and held that the
second exception applied because a reversal would simply allow appellant to recover
a Afurther@ sum of
money of the punitive damages deleted by the trial court and would have no
effect on the compensatory damages already awarded and received by her.[16]  The court of appeals ruled that the
arbitrator=s award of punitive damages
should be reinstated and rendered judgment for that additional amount but
denied the claim for attorney=s fees
as having been waived.[17]
   In this case, unlike Kline,
appellants seek a reversal and partial remand and new trial on the issues of
malice and exemplary damages that were not submitted to the jury in the first
trial.  As appellants correctly note,
Texas Rule of Appellate Procedure 44.1(b) limits the right to a partial remand
as follows:

44.1 Reversible Error in Civil Cases

*  
*   *

(b) Error Affecting Only Part of Case.  If the error affects part of, but not all,
the matter in controversy and that part is separable without unfairness to
the parties, the judgment must be reversed and a new trial ordered only as
to the part affected by the error.  The
court may not order a separate trial solely on unliquidated damages if
liability is contested. [Emphasis added].[18]

 

                           THE
ISSUES ARE NOT ASEPARABLE@ 








Appellate rule 44.1(b) does not authorize a
partial reversal and remand unless the issues are Aseperable.@[19]  If the issues of malice and exemplary damages
are not seperable from those of ordinary negligence and compensatory damages, a
reversal would require remand for new trial on the entire case, which could
affect or even eliminate the liability and amount of compensatory damages
awarded to and accepted by appellants in satisfaction of the judgment, thereby
taking the case out of the second exception to the Aacceptance
of benefits@ rule and estopping appellants
from appealing.  













Appellants also rely upon Olin Corp. v. Dyson,[20]
in which the Houston Fourteenth Court of Appeals reduced an award of
compensatory damages by the percentage of comparative negligence found by the
jury and rendered judgment for the reduced amount but reversed and remanded for
new trial the issues of gross negligence and punitive damages on the basis of
insufficiency of evidence of gross negligence. 
The court determined that those issues were Aseparable@ from
the rest of the controversy under former Texas Rule of Civil Procedure 434 (the
original rule from which appellate rule 44.1 is taken), stating that negligence
and gross negligence were two Aseparable@ causes
of action.[21]  Because appellant did not challenge the
finding of ordinary negligence, the court concluded that a partial remand would
not result in unfairness to the parties.[22]  Appellants cite two cases that have followed Dyson
in holding that gross negligence is a Aseparable@ issue
from negligence that may be remanded for trial on that issue only.[23]  However, two other cases they cite merely
state that negligence and gross negligence Amay@ be
separable, but each holds that those claims were not separable in the
distinguishable contexts of those suits.[24]          In Miles v. Ford Motor Co.,[25]
the Texarkana Court of Appeals affirmed a judgment awarding compensatory
damages but likewise held that the evidence was insufficient to support
findings of gross negligence and malice and remanded only those issues,
together with that of the amount of punitive damages, for new trial.  Citing Dyson both in its original
opinion and on rehearing, the court of appeals reiterated that recovery for
ordinary negligence is based upon ordinary care regardless of intent, whereas
gross negligence and malice are based upon the mental state and intent of the
actor, so that recovery under those different theories depends on separate and
distinct elements of proof and are Aseparable@ within
the meaning of former rule 81(b)(1), the immediate predecessor to current
appellate rule 44.1(b).[26]









Because it reversed on other grounds, the
majority of the supreme court did not address whether the court of appeals had
properly remanded for a partial new trial.[27]  But in a concurring opinion, Justice
Gonzalez, joined by Justices Hecht and Abbott, disagreed with the court of
appeals that a separate trial on gross negligence alone was proper.[28]  In their opinion, negligence and gross
negligence are not separable causes of action but are Ainextricably
intertwined.@[29] Quoting
from Transportation Insurance Co. v. Moriel, the concurring opinion
explained that, while negligence is a liability finding involving duty, breach,
and causation, gross negligence Apresumes
a negligent act or omission and includes two [additional] elements: (1) viewed
objectively from the standpoint of the actor, the act or omission [i.e., [the]
harm-causing negligence] must involve an extreme degree of risk, and
considering the probability and magnitude of the potential for harm to others,
and (2) the actor must have actual, subjective awareness of the risk involved,
but nevertheless proceed in conscious indifference to the rights, safety, or
welfare of others.@[30]  Because the trial court followed standard
practice and instructed the jury not to answer the gross negligence and malice
issues unless it found negligence and damages, Justice Gonzalez reasoned, it
would not be fair to have a new trial simply on the defendant=s state
of mind.[31]  The second jury would lack the context to
differentiate between negligence and gross negligence.[32]  Moreover, because the trial court submitted
the original charge in broad form, the next jury would not know what act or
omission the first jury found to be negligent, and because Ain all
fairness@ the
court of appeals could not remand the punitive damages issues alone, he would
have reversed and remanded the entire cause to the trial court.[33]    


















Moriel not only adopted a new
definition of gross negligence but also imposed new procedural requirements for
trials involving gross negligence and exemplary damages, requiring bifurcation
of the amount of exemplary damages from the remaining issues upon timely
motion, limiting evidence such as net worth to admissibility during the second
phase, and, more importantly, requiring the same jury in the second phase to
determine the amount of exemplary damages Aconsidering
the totality of evidence presented at both phases of the trial.@[34]  The court was Aconcerned
that existing procedures failed to ensure that punitive damage awards >are not
grossly out of proportion to the severity of the offense and have some
understandable relationship to compensatory damages.=@[35]  To achieve proportionality, the jury must
decide the amount of exemplary damages based on the totality of the evidence
from the liability phase as well as the exemplary damages phase.[36]  In that regard, the jury must know of and
consider the severity of the wrongdoing as well as the extent of actual damages
in determining the amount of exemplary damages.[37]  Indeed, proportionality between the amount of
exemplary damages and the liability facts and actual damages suffered is the Amost
important indicium of reasonableness@ when
determining whether an exemplary damage award is constitutional.[38]  The same jury must, therefore, sit in both
phases of the trial.[39]          Having
a different jury determine malice and exemplary damages than the jury that
determined ordinary negligence and compensatory damages would contravene the
requirements imposed by Moriel that the same jury hear both phases of
the trial and that it determine the amount of exemplary damages  considering the totality of the evidence
presented in both phases.[40]  Thus, we agree with our sister court in Prati
v. New Prime, Inc.,[41]
that Dyson is no longer controlling in light of the fundamental change
in the definition and procedure for determining exemplary damages wrought by
Moriel.  We conclude that the issues
of malice and exemplary damages, as now required to be determined, are not Aseparable@ from
those of the remainder of the case.  If
we were to reverse the judgment based on error in refusing to submit malice and
exemplary damages, a remand and new trial would be required on those
issues.  Yet, because they are not
separable from the remainder of the case, appellate rule 44.1(b) would require
that we also remand for a new trial on negligence and compensatory damages,
which could affect appellants= right
to the benefits accepted under the existing judgment because LifeCare Hospital
does not concede liability and could again contest both negligence and the
amount of compensatory damages to be awarded. 
Therefore, no exception applies to the Aacceptance
of benefits@ rule.   

                                           CONCLUSION

Having concluded that no exception applies to the
Aacceptance
of benefits@ rule, we hold that appellants
are estopped by that rule to maintain this appeal.  Accordingly, we grant appellees= Motion
to Dismiss, and we hereby dismiss this appeal. 


 

 

ANNE
GARDNER

JUSTICE

 

PANEL M:   GARDNER,
WALKER, and MCCOY, JJ.

 

DELIVERED:  October 26, 2006

 











[1]Appellants also sued
Errol Bryce, M.D., but the jury found no negligence on his part and the
judgment ordered that appellants take nothing as to him.  Appellants do not appeal from the
take-nothing judgment as to Bryce.





[2]Appellants requested a
partial reporter=s record pursuant to
Texas Rule of Appellate Procedure 34.6, listing the issues to be presented on
appeal as the trial court=s exclusion of evidence
of malice regarding both LifeCare Hospital and LifeCare Management, exclusion
of evidence of negligence regarding LifeCare Management, refusal to submit
appellants= requested jury questions
on those issues, and denial of their motion to compel allegedly privileged
documents pertaining to the issues being appealed.  See Tex.
R. App. P. 34.6. 





[3]Tex. State Bank v. Amaro, 87 S.W.3d 538, 544
(Tex. 2002); Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950);
Waite v. Waite, 150 S.W.3d 797, 803 (Tex. App.CHouston [14th Dist.]
2004, pet. denied).  





[4]Carle, 234 S.W.2d at 1004. 





[5]See, e.g., Waite, 150 S.W.3d at 803; Bloom
v. Bloom, 935 S.W.2d 942, 948 (Tex. App.CSan Antonio 1996, no writ); Blaylock v.
Blaylock, 603 S.W.2d 254, 255 (Tex. Civ. App.CHouston [14th Dist.]
1980, no writ).  





[6]Waite, 150 S.W.3d at 803.





[7]Tex. State Bank, 87 S.W.3d at 544
(holding appellant not estopped to appeal, applying second narrow exception
that appellant accepted only benefits that appellee conceded were due him under
judgment and appeal was not inconsistent with his acceptance of those benefits);
Carle, 234 S.W.2d at 1004; Waite, 150 S.W.3d at 803. 





[8]Carle, 234 S.W.2d at 1004.





[9]Appellants further
represent that they are not now appealing the trial court=s refusal to submit their
tendered questions, definitions, and instructions regarding negligence or
damages as to LifeCare Management.   

 





[10]See id. at 1004-05 (holding
husband estopped from appealing in divorce case as to characterization of
property as separate property of wife because husband had accepted benefits of
reimbursement to the community awarded by trial court and property could be
characterized as community on new trial); Waite, 150 S.W.3d at 799-800
(husband barred from appealing community property division in divorce case
after accepting all community funds awarded him by judgment, even though he
sought only additional recovery). 





[11]874 S.W.2d 776, 780-81
(Tex. App.CHouston [14th Dist.]
1994, writ denied).





[12]Id. at 779.





[13]Id.





[14]Id. at 781.





[15]Id. at 780. 





[16]Id. at 781.





[17]Id. at 787. 





[18]Tex.
R. App. P. 44.1(b). 





[19]Otis Elevator Co. v.  Bedre, 776 S.W.2d 152, 152 (Tex. 1989) (interpreting
former appellate rule 81(b)(1)); Waples-Platter Co. v. Commercial Standard
Ins. Co., 156 Tex. 234, 294 S.W.2d 375, 377 (1956) (interpreting
predecessor to appellate rule 81(b)(1), former rule of civil procedure 434); Double
Ace, Inc. v. Pope, 190 S.W.3d 18, 27 (Tex. App.CAmarillo 2005, no pet.)
(holding compulsory counterclaims not separable without unfairness to parties
under rule 44.1(b)).   





[20]678 S.W.2d 650, 659 (Tex.
App.CHouston [14th Dist.]
1984), rev=d on other grounds, 692 S.W.2d 456, 458
(Tex. 1985).  





[21]Id.





[22]Id. 





[23]McElroy v. Fitts, 876 S.W.2d 190, 199
(Tex. App.CEl Paso 1994, no writ)
(op. on reh=g) (remanding for retrial
on gross negligence and exemplary damages only); Alm v. Aluminum Co. of Am.,
753 S.W.2d 478, 485-86 (Tex. App.CHouston [14th Dist.] 1988) (op. on reh=g), rev=d on other grounds, 785 S.W.2d 137 (Tex.
1990).





[24]Newman v. Tropical
Visions, Inc.,
891 S.W.2d 713, 721-22 (Tex. App.CSan Antonio 1994, no writ) (holding ordinary and
gross negligence not separable in context of release in which plaintiff had
waived claim for ordinary negligence); Trevino v. Lightning Laydown, Inc.,
782 S.W.2d 946, 949 (Tex. App.CAustin 1990, writ denied) (holding ordinary and
gross negligence not separable in context of comparative negligence).       





[25]922 S.W.2d 572, 599 (Tex.
App.CTexarkana 1996), rev=d on other grounds, 967 S.W.2d 377 (Tex.
1998) (plurality opinion).  





[26]Id. 





[27]Ford Motor Co., 967 S.W.2d at 379. 





[28]Id. at 390 (Gonzalez, J.,
concurring, joined by Hecht and Abbott, JJ.). 





[29]Id.





[30]Id. (quoting from Transportation
Ins. Co. v. Moriel, 879 S.W.2d 10, 23 (Tex. 1994)). 





[31]Id.





[32]Id.





[33]Id.





[34]Moriel, 879 S.W.2d at 30.





[35]Sw. Ref. Co. v. Bernal, 22 S.W.3d 425, 432-33
(Tex. 2000) (quoting Moriel, 879 S.W.2d at 29, which, in turn, quoted Pacific
Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 22, 111 S. Ct. 1032, 1045
(1991)).





[36]Id. at 433.





[37]Id.; see also Alamo Nat=l Bank v. Kraus, 616 S.W.2d 908, 910 (Tex.
1981) (AFactors to consider in
determining whether an award of exemplary damages is reasonable include (1) the
nature of the wrong; (2) the character of the conduct involved; (3) the degree
of culpability of the wrongdoer; (4) the situation and sensibilities of the
parties concerned; and (5) the extent to which such conduct offends a public
sense of justice and propriety.@).  





[38]In re Bradle, 83 S.W.3d 923, 928 (Tex.
App.CAustin 2002, no pet.)
(orig. proceeding) (quoting BMW of N. Am., Inc. v. Gore, 517 U.S. 559,
568, 116 S. Ct. 1589, 1595 (1996)).   





[39]Id. (conditionally granting
writ of mandamus, holding trial court abused its discretion in discharging
original jury in conversion suit after rendering judgment on verdict of
liability, actual damages, and malice, effectively requiring a new jury to
determine amount of punitive damages).  





[40]Id.





[41]949 S.W.2d 552, 558 (Tex.
App.CAmarillo 1997, writ
denied).