04-0575c_ColumbiaMedical Center_v_Hogue














IN THE SUPREME COURT OF TEXAS

 

════════════

No. 04-0575

════════════

 

Columbia Medical
Center of Las Colinas, Inc. d/b/a Las Colinas Medical Center , Petitioner,

 

v.

 

Athena Hogue, Individually and
as Executrix of the Estate of Robert Hogue, Jr., Deceased, Christopher Hogue,
and Robert Hogue, III, Respondents

 

════════════════════════════════════════════════════

On Petition for Review from the

Court of Appeals for the Fifth District of Texas

════════════════════════════════════════════════════

 

 

Argued April 12,
2005

 

 

            Justice Brister, joined by Justice Medina, concurring.

 

            I join the Court’s opinion. But I
would be clearer about the “trifurcation” of this trial into three parts: (1)
ten days of evidence, two days of arguments, and a verdict on the hospital’s
negligence, followed by (2) one more day of arguments and a second verdict on
exemplary damages, and finally (3) further arguments and a third verdict on the
plaintiff’s contributory negligence. Rather than merely expressing “serious
reservations” about this “unusual” procedure, I would say “Don’t do it.”

            Bifurcation is proper in a few
instances,[1] but no one
appears to have ever bifurcated the plaintiff’s
negligence from the defendant’s negligence as the trial court did here. Trial
on these two issues cannot be severed; a jury cannot decide whose negligence
(if any) caused an occurrence without knowing what both did. Nor can a jury
apportion fault between two parties until it finds both negligent.[2]
Whenever there is evidence that both parties are negligent, it is hard to
imagine any circumstances in which a trial judge could properly bifurcate the trial of these issues and ask a jury about
them separately.[3]

            Since 1973, we have required
broad-form jury questions because the complexity of granulated questions
threatened to make the jury system unworkable.[4]
We reformed jury submission practice so that questions would be submitted
“logically, simply, clearly, fairly, correctly, and completely.”[5]
But submitting the negligence of two parties in separate questions at different
points in the trial is not logical (as the two are related), simple (as two
sets of arguments and deliberations are required), clear (as the fault question
is asked twice), fair (as someone must go last), correct (as there is no
precedent for this), or complete (as the charge is split in half). Granulated
questions are frustrating and confusing enough when they appear in a single
charge; they are surely much more so if given to jurors at different times. 

            The record reflects the trial court
“trifurcated” this case because, after initially finding no evidence of
contributory negligence (correctly), he decided to submit the question
nonetheless as a “bill” in case an appellate court disagreed. But a jury
question should be submitted if the evidence supports it and refused if the
evidence does not; it cannot be halfway submitted as an afterthought so one can
have it both ways. Either party — plaintiff or defendant — is prejudiced if its
issues are postponed until after the jury has decided most of the case and is
ready to go home. In this case, for example, the plaintiff’s counsel simply
urged jurors in the third set of closing arguments to “[b]ring it to an end. Just
say no, and then we can all be done with this work that you’ve done . . . .”

            “Our courts have always frowned upon
piecemeal trials, deeming the public interest, the interests of litigants and
the administration of justice to be better served by rules of trial which avoid
a multiplicity of suits.”[6] We should
state today, as we have in the past, that we “remain resolute that piecemeal
trials as a general rule should be avoided.”[7]
Accordingly, I would hold the trial court’s “trifurcation” was erroneous. But
as there was no evidence the plaintiff here was negligent,[8]
the trial court’s initial refusal to submit contributory negligence was correct
and rendered its later error harmless.

            

            __________________________

            Scott Brister

            Justice

 

 

OPINION
DELIVERED: August 29, 2008

 














[1] See,
e.g., Tex. Civ. Prac. &
Rem. Code § 41.009 (allowing defendants to opt to bifurcate trial on
exemplary damages); Baker v. Goldsmith, 582 S.W.2d 404, 409 (Tex. 1979) (allowing
bill-of-review to be tried separately from underlying case).





[2] See
Tex. Civ. Prac. &
Rem. Code § 33.003; Tex. R.
Civ. P. 277.





[3] See,
e.g., Otis Elevator, Co. v. Bedre, 776
S.W.2d 152, 153 (Tex. 1989) (holding court of appeals erred in remanding
issue of defendant’s negligence but not plaintiff’s); Elbaor
v. Smith, 845 S.W.2d 240, 251 (Tex. 1992) (holding trial court erred in
failing to submit issue of plaintiff’s negligence as well as defendant’s).





[4] See
Yarborough v. Berner, 467 S.W.2d 188, 193 (Tex.
1971) (“The present practice of separate submission of [granulated] issues has
been the author of much confusion and mischief, has unduly complicated the
special issue system, and has, on occasion, smothered what otherwise would be a
simple submission under the special issue system.”); Lemos
v. Montez, 680 S.W.2d 798, 801 (Tex. 1984); see
also Tex. R. Civ. P. 277 (“In
all jury cases the court shall, whenever feasible, submit the cause upon
broad-form questions.”).





[5] Hyundai
Motor Co. v. Rodriguez, 995 S.W.2d 661, 664 (Tex. 1999).





[6] Iley v. Hughes, 311 S.W.2d 648, 651 (Tex. 1958).





[7] Transp. Ins. Co. v. Moriel,
879 S.W.2d 10, 30 n.29 (Tex. 1994).





[8] Jackson v. Axelrad,
221 S.W.3d 650, 652 (Tex.
2007) (“[L]aymen generally have no duty to volunteer
information during medical treatment.”).