NO. 07-04-0029-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 24, 2005

_____

DOUBLE ACE, INC., MATTHEW POPE,
ALYSSA POPE WOMACK, AND DONNA POPE, APPELLANTS

V.

BENNIE DALE POPE AND MICHAEL DEARDORFF, APPELLEES

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 02-12-19019; HONORABLE HAROLD PHELAN, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

Presenting 13 issues, Double Ace, Inc. appeals the judgment following a jury trial,

denying it any relief on its claims for damages and awarding Bennie Dale Pope and Michael

Deardorff damages and attorney's fees sought by their counterclaims against Double Ace,

Inc. Also, presenting 15 issues, Alyssa Womack, Matthew Pope, and Donna Pope challenge the judgment denying them any recovery on their claims for damages and awarding Bennie Dale Pope and Michael Deardorff damages on their counterclaims. Based on the rationale herein, we affirm in part and reverse and remand in part.

While married to Donna Pope, Bennie was engaged in farming operations. After consultation with an attorney, Bennie and Donna decided to organize a corporation to be operated under Bennie's management, in conjunction with Bennie's farming operations. Donna agreed that Bennie would manage Double Ace as its General Manager but that the stock of the corporation would be held by Donna as trustee for their minor children, Matthew Pope and Alyssa Pope (Womack). At the first meeting of the Board of Directors of Double Ace on October 10, 1991, Bennie was elected General Manager and Donna was elected President and Secretary/Treasurer. Also, 500 shares of stock were issued to Donna as custodian and natural guardian for each minor child, making a total issue of 1000 shares. Thereafter, the Corporation commenced its farming operations under Bennie's management. In 1997, Deardorff was elected as President and Director to assist Bennie. At that time, Donna signed corporate minutes and stock a certificate transferring 500 shares of stock to Deardorff. Other enabling documentation was signed by Donna. Although Double Ace prospered, Bennie's personal farming operations were not successful and he was forced to file bankrputcy in 2000. The bankruptcy action was followed by Bennie and Donna's divorce in 2002.

2

Before we address the contested issues, we first note two portions of the judgment which are not challenged by any party. Among other things, the judgment of the trial court declared that Double Ace owned the machinery and equipment described on exhibits attached to the judgment. In addition, the judgment decreed that all stock issued by Double Ace was issued to be held in trust for the benefit of Alyssa Pope Womack and Matthew Pope and that they are now the beneficial owners of the stock. Because no party presents any assignment of error or challenge to these declarations, those two portions of the judgment will be affirmed.

Because the multiple parties present common and diverse claims and counterclaims by broad pleadings and 28 issues with numerous sub-issues, before addressing the action in the trial court and the issues, we first outline the claims in broad form.

## CLAIMS

**Double Ace v. Bennie**. Asserted (1) breach of contract, (2) fraud, civil conspiracy, breach of fiduciary duty and conversion, (3) declaratory judgment regarding ownership of transferred stock and property, (4) action for accounting, (5) action to recover on sworn account for monies withdrawn from the corporation's bank account, and (6) conspiracy with Otis Pope;

**Double Ace v. Deardorff.** Asserted (1) fraud, civil conspiracy, and conversion, (2) declaratory judgment regarding ownership of transferred stock and property, (3) action for accounting, (4) action to recover on sworn account for monies withdrawn from the corporation's bank account;

**Alyssa and Matthew v. Bennie and Deardorff.** Alyssa and Matthew joined the suit in their individual capacities for the only purpose of establishing their sole ownership in the stock of Double Ace;

3

## COUNTERCLAIMS

**Bennie v. Double Ace, Alyssa, Matthew, and Donna.**[1]  Alleged (1) wrongful termination, (2) promissory estoppel, (3) quasi estoppel, (4) unjust enrichment, and (5) quantum meruit.

**Deardorff v. Double Ace.**  Alleged a cause of action for indemnity.

**Deardorff v. Alyssa, Matthew, and Donna.**  Alleged (1) fraud, (2) conversion, and (3) civil conspiracy.

**Deardorff v. Alyssa and Matthew**.  Alleged a cause of action for theft.


Upon the close of the evidence, contending there was no evidence to support the submission of the elements of any questions to the jury regarding the claims of Double Ace against Bennie, Bennie's counsel moved for instructed verdict.[2]  Also, counsel for Deardorff adopted Bennie's argument and moved for instructed verdict on the same grounds.  After granting Bennie and Deardorff's motions for instructed verdict, and completion of the charge conference, the trial court submitted the charge to the jury.  By its verdict, the jury found:[3]

---

[1]Donna Pope was joined as a third-party defendant by counterclaims.

[2]Counsel argued that "What we have are a conglomeration of convoluted allegations in a petition that don't–don't allege, even, the elements of any of the causes of action that are asserted, and there is not one shred of evidence to support the elements even if they had alleged it."

[3]The numbers correspond to the jury questions.

4

| Bennie | Deardorff |
|---|---|
| (1) Bennie was the General Manager of Double Ace; | (7) Donna part of conspiracy; |
| (2) Double Ace failed to comply with the agreement; | (8) Matthew part of conspiracy; |
| (3) Donna, Matthew and Alyssa part of conspiracy that caused damages; | (9) Alyssa part of conspiracy; |
| (4) Bennie relied on the agreement to his detriment; | (10) Damages of $5000 past and $5000 future; |
| (5) Damages of $160,000; | (11) Finding of malice; |
| (6) Awarded attorney's fees for a total of $48,000 through Supreme Court. | (12) $1,000 exemplary damages; |
| | (13) Became a Director in 1997; |
| | (14) Became President in 1997; |
| | (15) Made a party because he had been a Director/Officer; |
| | (20) Awarded attorney's fees for a total of $66,000 through the Supreme Court. |

Based on the instructed verdicts and jury findings, the trial court rendered judgment that

- Double Ace take nothing against Bennie and Deardorff;

- Bennie recover his damages of $160,000, plus interest and attorney's fees from Double Ace, Matthew Pope, Alyssa Womack, and Donna Pope, jointly and severally;

- Deardorff recover his damages of $11,000 plus interest and attorney's fees from Double Ace, Matthew Pope, Alyssa Womack, and Donna Pope, jointly and severally;

5

- Declared Double Ace to be the owner of the machinery and equipment described in exhibits attached to judgment; and

- Decreed that all Double Ace stock was issued to be held in trust for Alyssa Pope Womack and Matthew Pope, and that they are the beneficial owners of the stock.

## Issues of Donna Pope[4]

Proceeding *pro se*, by issue 11A, Donna contends the trial court erred in failing to give her at least 45 days notice of the trial setting on the counterclaims filed against her and others by Bennie and Deardorff. We agree.

Although this action was commenced by Double Ace, Alyssa, and Matthew on December 18, 2002, by their separate counterclaims, Bennie and Deardorff did not make Donna a party or seek any relief as to Donna until Deardorff named her in his amended counterclaim filed September 29, 2003, and Bennie named her in his amended counterclaim filed October 15, 2003. Counsel for all parties, except Donna, attended a pretrial conference on October 17, 2003. During the pretrial conference, Bennie's counsel announced to the court that because Donna had not been timely served, he would ask for

---

[4]The notice of appeal signed by counsel for Double Ace, Inc. and Alyssa Womack and Matthew Pope was prepared to also include Donna Pope and was signed by her *pro se*. Also, the brief filed by counsel for Alyssa and Matthew was also signed by Donna, *pro se,* and presented the issue for Donna regarding Tex. R. Civ. P. 245, which was not common with Alyssa and Matthew's contentions. Also, in reviewing another part of the record, we note that counsel for Double Ace prepared at least one pleading for Donna's signature. While pro bono legal services are encouraged, counsel should exercise due care to avoid the presentation of an ambiguous status regarding an attorney-client relationship. We express no opinion as to the propriety of the preparation of a pleading or an appellate brief for a *pro se* party by an attorney for a party allied to the *pro se* party.

a severance and a separate trial as to Donna.  After hearing comments from all counsel, the trial court observed:

> I think there is no point playing games on that.  We know that she is the one that–that's driving the lawsuit; and, unless she is willing to come in and–and submit to the answer or–if she wants it tried the 27[th], she needs to get in here now, because I'm not going to try this case twice, same facts.

Following comments by counsel, the court concluded its remarks by stating:

> But the only thing that is going to keep us from trying it then is Ms. Pope and whatever position–if she wants her time to answer, I'm not telling her to give up any rights, but–except the right to try this on the 27[th] if she wants it.

The pretrial conference then concluded without any definitive action regarding notice to Donna of the setting for October 27, 2003.

According to the clerk's record, Donna filed motions to transfer venue and answers to the counterclaims of Bennie and Deardorff at 11:00 a.m. on October 23, 2003.[5]   When the case was called for trial on October 27, Donna did not appear in person or by counsel.  Bennie's counsel did not move for severance, but instead presented a plea arguing special circumstances existed.  After noting that no motion for continuance had been filed by any party or Donna, the court proceeded to empanel the jury.[6]

---

[5]The record does not show when Donna was served with citation on the counterclaims.

[6]The clerk's record does not include a copy of the citation served on Donna concerning Bennie's counterclaim or any answer by her, *pro se,* or otherwise.

Citing In re Estate of Crenshaw, 982 S.W.2d 568 (Tex.App.--Amarillo 1998, no pet.), Donna contends the trial court erred in commencing the trial with less than 45 days notice. *See* Tex. R. Civ. P. 45. We held where the Rules of Civil Procedure apply, the requirements of Rule 245 must be met and concluded, "[t]he record affirmatively shows that James did not have the required 45-day notice to which he was entitled." *Crenshaw*, 982 S.W.2d at 571. Here, too, the record affirmatively shows that Donna did not have the required 45 days notice provided by Rule 245. In response, Bennie and Deardorff argue the test set out in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124 (1939), is controlling. However, we are not concerned with these factors because a party who has been denied due process through lack of notice of a trial setting satisfies the first *Craddock* factor and does not have to meet the remaining requirements to be entitled to a new trial. *See* Lopez v. Lopez, 757 S.W.2d 721, 722-23 (Tex. 1988). Issue 11A is sustained. Our disposition of this issue pretermits our consideration of issue 10.

## Issues of Double Ace, Inc.

## Instructed Verdict

By its 12th issue, Double Ace contends the trial court erred in granting the motions for instructed verdict on its first, second, third, and fifth causes of action presented by Bennie and Deardorff. Among other contentions, citing Intermarque Automotive Products, Inc. v. Feldman, 21 S.W.3d 544 (Tex.App.--Texarkana 2000, no pet.) and Lesikar v. Rappeport, 33 S.W.3d 282 (Tex.App.--Texarkana 2000, pet. denied), Double Ace argues that as officers of the corporation, Bennie and Deardorff had the burden of proof to establish the fairness of their transactions with the Corporation. Focusing our analysis on the first and second causes of action which alleged claims for breach of contract, breach of fiduciary duties, and fraud, we agree.

## Standard of Review

When reviewing an instructed verdict, we must determine whether there is any evidence of probative force to raise a fact issue on the material questions presented. Szczepanik v. First Southern Trust Co., 883 S.W.2d 648, 649 (Tex. 1994). We must consider all the evidence in the light most favorable to the party against whom the verdict was directed, disregarding all contrary evidence and inferences and giving the losing party the benefit of all reasonable inferences created by the evidence. *Id.* If there is any conflicting evidence of probative value on any theory of recovery, an instructed verdict is improper and the case must be reversed and remanded for jury determination of that issue.

9

*Id.* An instructed verdict is proper when (1) the opponent's pleadings are insufficient to support a judgment; (2) the evidence conclusively proves a fact that established a party's right to judgment as a matter of law; or (3) the evidence offered on a cause of action is insufficient to raise an issue of fact. Rudolph v. ABC Pest Control, Inc., 763 S.W.2d 930, 932 (Tex.App.--San Antonio 1989, writ denied). We must affirm an instructed verdict if the record discloses a ground that establishes, as a matter of law, the movant was entitled to judgment, even though the ground was not embodied in the motion for instructed verdict. Gonzales v. Willis, 995 S.W.2d 729, 740 (Tex.App.--San Antonio 1999, no pet.).

The evidence revealed multiple transactions, too numerous to detail, including corporate checks, withdrawals, loans, and payments over the years which involved Bennie or Deardorff while Bennie was acting as General Manager and Deardorff was acting as President and Director. Bennie and Deardorff do not contend they did not serve as officers, but contend, although the evidence demonstrated that transfers and payments had been made, Double Ace introduced no evidence to show the transactions were unauthorized or inappropriate. The motion sought an instructed verdict on the ground that Double Ace provided no evidence of any impropriety in any of the transactions listed on the referenced exhibit. However, because transactions between officers or directors of a corporation are subject to strict scrutiny, as former officers, Bennie and Deardoff had the burden of establishing the fairness of the transactions to the Corporation. *See* Popperman v. Rest Haven Cemetery, Inc., 162 Tex. 255, 345 S.W.2d 715, 717 (1961).

10

Since transactions between Bennie and Deardorff, as fiduciaries, are presumptively fraudulent, they had the burden to introduce evidence to establish the fairness of the transactions in which they were involved. *Lesikar*, 33 S.W.3d at 298. *See also* Willis v. Donnelly, 118 S.W.3d 10, 34 (Tex.App.--Houston [14th Dist.] 2003, no pet.) ( holding the trial court did not misplace the burden of proof that a "profiting fiduciary has the burden to prove questioned transactions were fair, honest, and equitable."). Considering the evidence in accordance with the appropriate standard of review and the imposition of the burden of proof, in the absence of any pleading and evidence that the corporate bylaws provided otherwise, we conclude Double Ace presented sufficient evidence to raise fact issues as to the subject transactions, and the trial court erred in granting the instructed verdict. Issue 12 is sustained.

Our holding that the trial court erred in granting the instructed verdict requires that the judgment that Double Ace take nothing against Bennie and Deardorff be remanded for new trial. We must now decide whether such determination requires that the judgment awarding Bennie and Deardoff damages on their counterclaims be reversed.

Rule 44.1(b) of the Texas Rules of Appellate Procedure provides:

(b) *Error Affecting Only Part of Case.* If the error affects part of, but not all, the matter in controversy and that part is separable without unfairness to the parties, the judgment must be reversed and a new trial ordered only as to the part affected by the error. The court may not order a separate trial solely on unliquidated damages if liability is contested.

11

Bennie and Deardorff's counterclaims are considered as compulsory counterclaims under Rule 97(a) of the Texas Rules of Civil Procedure. Also, we note Double Ace, Alyssa, Matthew, and Donna do not assign any error to the determination of their joint and several liability fixed by the judgment for damages sustained by Bennie and Deardorff.

In Otis Elevator Co. v. Bedre, 776 S.W.2d 152, 152-53 (Tex. 1989), the Court held a partial reversal and remand was not proper unless the issues are severable and, consequently, it reversed the judgment of the court of appeals which ordered a partial remand. Later, in Prati v. New Prime, Inc., 949 S.W.2d 552, 558 (Tex.App.--Amarillo 1997, writ denied), having sustained only two points, we reversed and remanded the case for new trial. Accordingly, we conclude it would be improper to sever the claims of Double Ace from the counterclaims asserted by Bennie and Deardorff.[7] Therefore, our consideration of the remaining issues presented by Double Ace is not necessary.

**Issues of Alyssa Womack and Matthew Pope**

By their first and second issues, Alyssa and Matthew contend the trial court erred in failing to instruct the jury on the correct definition of civil conspiracy. We disagree.

Jury charge error is reviewed under an abuse of discretion standard. Texas Dep't of Human Servs. v. E.B., 802 S.W.2d 647, 649 (Tex. 1990). A proper instruction assists the

---

[7]See 5 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice § 30:50 (2d ed. 1999).

jury, accurately states the law, and finds support in the pleadings and evidence. United Servs. Auto. Ass'n v. Brite, 161 S.W.3d 566, 577 (Tex.App.–San Antonio 2005, pet. filed). Here, although the definition in the charge somewhat differs from the definition submitted by Double Ace, Alyssa, Matthew, and Donna, it does not constitute a misstatement of the law that would result in an improper verdict. Furthermore, the trial court has great discretion regarding the manner in which the jury is charged, so long as the charge properly submits the issues that control the disposition of the case. *See id.*; Campbell v. C.D. Payne and Geldermann Sec., Inc., 894 S.W.2d 411, 420 (Tex.App.–Amarillo 1995, writ denied). Concluding that the trial court did not abuse its discretion, their first and second issues are overruled.

By their third issue, Alyssa and Matthew contend the agreement with Bennie was not sufficiently specific to alter the employment at-will relationship between Bennie and Double Ace, as a matter of law. We disagree.

As a bar to recovery, Bennie's status as an at-will employee would have constituted an affirmative defense. Crow v. Rockett Special Util. Dist., 17 S.W.3d 320, 330 (Tex.App.–Waco 2000, pet. denied). Because Alyssa and Matthew did not file an answer or other pleading in response to Bennie's counterclaims, they waived the argument asserted here. Tex. R. Civ. P. 94; Komet v. Graves, 40 S.W.3d 596, 602 (Tex.App.–San Antonio 2001, no pet.). Accordingly, their third issue is overruled.

By issue four, Alyssa and Matthew contend the jury findings to questions one, two, four, five, and six were against the great weight and preponderance of the evidence. Then, without specifying the challenged questions by number, by issue twelve, Alyssa and Matthew contend the jury findings that (A) they were part of a conspiracy that damaged Deardorff, (B) Deardorff suffered $10,000 in damages as a result of such conspiracy, (C) Deardorff's harm resulted from malice, and (D) Deardorff suffered $1,000 in damages as a result of any malice were also against the great weight and preponderance of the evidence. We disagree.

Bennie had the burden of proof on questions one, two, four, five, and six. Similarly, Deardorff also had the burden to prove the challenged findings applicable to his counterclaim. The proper challenge to jury findings, where, as here, Alyssa and Matthew did not have the burden of proof, is by a no evidence or factually insufficient evidence standard. See *Calvert, "*No Evidence " and "Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361, 364-68 (1960). Conversely, where an appellant challenges a jury verdict on issues which he had the burden of proof, the standard on appeal is whether the findings were against the great weight and preponderance of the evidence or should be reversed as a matter of law. *See* Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co., 766 S.W.2d 264, 275-76 (Tex.App.--Amarillo 1988, writ denied). Moreover, the issue is not developed by argument. *See* Howell v. Murray Mortg. Co., 890 S.W.2d 78, 80 (Tex.App.–Amarillo 1994, pet. denied), and Tex R. App. P. 38.1(h). The issues are overruled.

By issues five and eight, Alyssa and Matthew contend the trial court erred in granting judgment jointly and severally against them for Bennie and Deardorff's attorney's fees. We disagree.

By their counterclaims, Bennie and Deardorff sought to recover attorney's fees against Double Ace, Alyssa, and Matthew. Alyssa and Matthew argue, absent statutory authority, no legal basis exists for such recovery. However, any claimed deficiency in the pleadings should have been specifically pointed out by exception in writing and brought to the attention of the trial court as provided by Rule 90 of the Texas Rules of Civil Procedure. Because Alyssa and Matthew did not present their objections to the trial court in writing, the issues are not preserved for our review. *See* National Farmers Union Property and Cas. Co. v. Degollado, 844 S.W.2d 892, 900 (Tex.App.–Austin 1992, writ denied); Tex. R. Civ. P. 67; Rapp v. Felsenthal, 628 S.W.2d 258, 259 (Tex.App.–Fort Worth 1982, writ ref'd n.r.e.). *See also* Gulf Ins. Co. v. Vantage Properties, Inc., 858 S.W.2d 52, 55 (Tex.App.--Houston [14th Dist.] 1993, writ denied).

By issues six and seven, including multiple sub-parts, Alyssa and Matthew contend there was no evidence, or the findings were against the great weight and preponderance of the evidence to support the jury finding that Deardorff was made a party to the underlying suit by reason of his being or having been a director and officer of Double Ace. However,

15

by their statement of facts,[8] Alyssa and Matthew acknowledge Deardorff testified he was an employee and officer of Double Ace and, the Corporation, including Alyssa and Matthew, sought to impose fiduciary duties upon him as an officer and employee of the Corporation. Moreover, but for such relationship, Deardorff would not have been a proper party to the suit for breach of fiduciary duties. Issues six and seven are overruled.

By issues 7B and 7C, Alyssa and Matthew contend the trial court erred in submitting jury question 20 pertaining to Deardorff's attorney's fees because the court failed to conditionally submit the questions requested by them. However, these issues are not developed by argument or discussion in the brief and, the basis for conditional submission is not explained. We conclude the issue does not present the argument clearly and concisely as required by Rule 38.1(h) of the Texas Rules of Appellate Procedure. *See* Heard v. Moore, 101 S.W.3d 726, 730 (Tex.App.--Texarkana 2003, pet. denied). Moreover, Alyssa and Matthew have not demonstrated the trial court acted without reference to any guiding principles and abused its discretion. Texas Dept. of Human Services v. E.B., 802 S.W.2d 647, 649 (Tex. 1990). Issues 7B and 7C are overruled.

By issue nine, Alyssa and Matthew contend the trial court abused its discretion in sustaining objections to Matthew's requests for production and in denying Double Ace,

---

[8]Because Deardorff did not challenge the assertion in Alyssa and Matthew's appellate brief, we accept the fact assertion as true. *See* Tex. R. App. P. 38.1(f); Ingalls v. Standard Gypsum, L.L.C., 70 S.W.3d 252, 255 n.2 (Tex.App.--San Antonio 2001, pet. denied).

16

Alyssa, Matthew, and Donna's motion to compel production. Since no party challenges the relief sought by Matthew as to the corporate stock and that the corporation owned the machinery and equipment described in the judgment, our disposition of this appeal renders this issue moot and our consideration is pretermitted. *See* Tex. R. App. P. 47.1.

By issues 13 and 14, Alyssa and Matthew contend the trial court erred in allowing the testimony of Beatrice Carr and Aubrey Jan Fouts and any testimony regarding compensation Bennie may have received as General Manager of Double Ace because Bennie failed to timely disclose such information prior to trial as required by Rule 194.3 of the Texas Rules of Civil Procedure. We disagree.

Our review of the record reveals that no requests for disclosure were made on behalf of Alyssa and Matthew.[9] Further, in order to preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion, state the specific grounds thereof, and obtain a ruling. Tex. R. App. P. 33.1(a)(1). Alyssa and Matthew did not object to the alleged errors at trial. Therefore, issues 13 and 14 present nothing for review and are overruled.

By issue 15, Alyssa and Matthew contend the trial court erred in failing to grant a mistrial after Bennie's counsel launched a direct attack on counsel for Double Ace. We disagree.

---

[9]Double Ace initiated a request.

17

During cross-examination, Bennie's counsel questioned Alyssa regarding whether counsel for Double Ace was the "driving force" behind the lawsuit. Counsel's objection to the line of questioning as an improper attack in "violation of the code of conduct and the rules of ethics" was overruled. Bennie's counsel followed by asking, "Did you know that the lawyer that you have been following his direction has been suspended twice"? Counsel immediately objected again and requested the jury be instructed to disregard the comment. The court sustained. Bennie's counsel replied, "Your honor, I am prepared to prove it, and that is relevant to this case." Counsel objected for a third time and the jury was instructed to disregard the last question.

Counsel for Alyssa and Matthew did not object to any of Bennie's counsel's statements complained of on appeal. *See* Tex. R. App. P. 33.1(a)(1). *See also* Checker Bag Co. v. Washington, 27 S.W.3d 625, 643 (Tex.App.–Waco 2000, pet. denied) (noting the same standard that applies to an improper attack during jury argument also applies to an improper question). However, an objection is not required to preserve error if the error is deemed to be incurable. Otis Elevator Co. v. Wood, 436 S.W.2d 324, 333 (Tex. 1968). Although unwarranted attacks against the integrity of counsel are generally considered to be incurable, this rule is not absolute. *See, e.g., Checker Bag Co.*, 27 S.W.3d at 643. In fact, instances of incurable error are rare. NationsBank of Texas, N.A. v. Akin, Gump, Hauer & Feld, L.L.P., 979 S.W.2d 385, 399 (Tex.App.–Corpus Christi 1998, pet. denied). The test for incurable error is whether the comments considered in their proper setting, were reasonably calculated to cause such prejudice to the opposing litigant that a withdrawal by

counsel or an instruction by the court, or both, could not eliminate the probability that it resulted in an improper verdict. Cooper Tire & Rubber Co. v. Mendez, 155 S.W.3d 382, 410 (Tex.App.--El Paso 2004, pet. filed). Alyssa and Matthew must prove the probability the improper comments caused harm is greater than the probability the verdict was grounded upon the proceedings and the evidence. Tex. Employers' Ins. Ass'n v. Guerrero, 800 S.W.2d 859, 865 (Tex.App.--San Antonio 1990, writ denied).

In the present case, the comments were directed at counsel for Double Ace, not counsel for Alyssa and Matthew. Further, the remark was merely that opposing counsel had been "suspended." No reference was made regarding the suspending regulatory body or to any instance of wrongful conduct which may have led to the claimed suspension. We conclude the remarks were not harmful to Alyssa and Matthew and assume any harm was cured as to them by the instruction of the trial court. Moreover, absent preservation of error by objection, issue 15 presents nothing for review and is overruled.

## Disposition

Accordingly, having overruled all of Alyssa and Matthew's issues, we affirm those portions of the judgment ordering and decreeing that:

> (1) all stock issued in Double Ace, Inc. was issued to be held in trust for the benefit of Alyssa Pope Womack and Matthew Pope and declaring them the sole beneficial stockholders of Double Ace, Inc;
>
> (2) the personal property described in Plaintiff's exhibits P-16, P-17, and P-18 attached to the judgment is the property of Double Ace, Inc.;

19

(3) except as provided in (1) and (2) above,[10] that Alyssa Pope Womack and Matthew Pope take nothing against Bennie Pope and Michael Deardorff;

(4) Bennie Dale Pope recover from Alyssa Womack Pope and Matthew Pope, jointly and severally, $160,000 with prejudgment interest of $4,418.40 and his attorney's fees found by the jury; and

(5) Michael Deardorff recover from Alyssa Womack Pope and Matthew Pope, jointly and severally, his damages in the amount of $11,000 and his attorney's fees as found by the jury.

In addition, having sustained Donna's issue 11A and Double Ace's issue 12, in all other respects, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

Don H. Reavis
Justice

---

[10]Alyssa and Matthew did not present any issues challenging these portions of the trial court's judgment.