NO. 07-05-0443-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 8, 2007

______________________________

BOB CARR, APPELLANT

V.

GUY’S PLUMBING, APPELLEE

_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 90,762-A; HONORABLE HAL MINER, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant, Bob Carr, appeals a directed verdict granted in favor of Appellee, Guy’s Plumbing.  Presenting three issues, Carr contends the granting of a directed verdict was error because he presented more than a scintilla of evidence on the material questions presented with respect to his claims for (1) breach of contract, (2) violations of the Deceptive Trade Practices Act (DTPA), and (3) negligence.  We affirm.

Background Facts

In 1995, Carr hired Guy’s Plumbing to perform plumbing work for the construction of his new home.  While installing the plumbing in the utility room, Guy’s failed to cap a sanitary tee connected to the washing machine drain pipe.  As a result, water being discharged from the washing machine leaked from the drain pipe.  In 2001, Carr’s home was tested for mold.  Tests revealed mold contamination and Carr took action to remediate and restore the home.  During remediation, sheetrock in the utility room was removed and the uncapped tee was discovered.  Carr subsequently sued Guy’s to recover the costs of remediating his home.

Carr’s petition alleged five causes of action, including violations of the DTPA, breach of implied warranty of good and workmanlike construction, breach of the implied warranty of habitability, breach of contract, and negligence.  At a jury trial, Guy Nightengale of Guy’s Plumbing testified to the circumstances surrounding the uncapped tee.  Nightengale admitted his plumbers made a mistake by leaving the sanitary tee uncapped but argued that Carr, acting as general contractor, should have inspected the work and caught the mistake before the sheetrock was installed.  Carr conceded that he took no steps to inspect the plumbing prior to installation of the sheetrock but insisted that Guy’s mistake resulted in the spread of mold throughout the entire residence which ultimately required remediation.  Following a Rule 104 hearing conducted outside the hearing of the jury, the court concluded Carr was not qualified to testify in an expert capacity regarding the spread of mold contamination or the reasonableness and necessity of the mold remediation.  Carr proceeded to testify that he personally observed workers remediating various rooms in his home.  He also explained that he was unable to enter his home during the remediation and that he and his wife were forced to relocate to a hotel for nine months until the remediation was completed.  Following his testimony, Carr offered into evidence hotel receipts and receipts from various companies that performed remediation work on his home.  Guy’s objected to the introduction of this evidence contending that it was irrelevant because there was no evidence that the remediation or relocation was caused by Guy’s mistake.  The trial court sustained the objection and the receipts were excluded from evidence.  Carr made no other attempt to admit these receipts into evidence.

Next, Carr offered the video deposition of Dennis Patzold, owner of a water restoration company that assisted with the remediation of the home.  The evidence was offered for two purposes: (1) to establish the source of the mold found throughout the house, and (2) the reasonableness and necessity of the remediation.  After reviewing excerpts from the deposition for the purpose of determining Patzold’s qualification as an expert, the court ruled, outside the presence of the jury, that Patzold could testify concerning the source of mold found in the utility room of the house, but refused to allow him to testify as an expert on the cause of mold in other areas of the house.  Following the ruling, without ever calling Patzold as a witness, Carr rested his case and Guy’s moved for a directed verdict.  

Guy’s argued that directed verdict was proper because Carr failed to present any evidence on any of his causes of action pertaining to the elements of causation and damages.
(footnote: 1)  The trial court agreed and granted the motion for directed verdict as to each of Carr’s claims.   

Applicable Law

A directed verdict is proper when (1) the opponent's pleadings are insufficient to support a judgment, (2) the evidence conclusively proves a fact that under substantive law  establishes the movant’s right to judgment as a matter of law, or (3) the evidence offered is insufficient to raise an issue of fact as to one or more of the essential elements of the cause of action.  
Double Ace, Inc. v. Pope
, 190 S.W.3d 18, 26 (Tex.App.–Amarillo 2005, no pet.).  When reviewing a directed verdict based upon insufficiency of the evidence, we must determine whether there is any evidence of probative force that raises a fact issue on the material questions presented.  
Szczepanik v. First Southern Trust Co.
, 883 S.W.2d 648, 649 (Tex. 1994).  In doing so, we follow the standard of review for assessing the legal sufficiency of the evidence.  
King Ranch, Inc. v. Chapman, 
118 S.W.3d 742, 750-51(Tex. 2003).  
See also City of Keller v. Wilson,
 168 S.W.3d 802, 823 (Tex.2005).  We must consider all the evidence in the light most favorable to the party against whom the verdict was directed disregarding all contrary evidence and inferences, and giving the losing party the benefit of all reasonable inferences created by the evidence.  
City of Keller, 
168 S.W.3d at 823.  In the final analysis, the test for directed verdict  is whether the evidence at trial would have enabled reasonable and fair minded jurors to reach a verdict in favor of the non-movant.  If the evidence presented would not have supported such a verdict, then a directed verdict was appropriate.
  Id. 
at 827-28.  Therefore, where no evidence of probative force on an ultimate fact exists, the trial court has the duty to direct the verdict.  
University Nat’l. Bank v.
 
Enrst & Whinney, 
773 S.W.2d 707, 709-10 (Tex.App.-San Antonio 1989, no writ).

Our review is confined to the evidence offered and admitted where there is no error assigned to the exclusion of tendered evidence.  
Mack Trucks, Inc. v. Tamez,
 206 S.W.3d 572, 577 (Tex. 2006).  This Court cannot consider evidence of causation or damages from a bill of exceptions where we have not first determined that the trial court erred when it excluded that evidence.  
Id.

Application of Law to the Case

By this appeal, Carr does not contest the trial court’s rulings excluding any of his testimony on the issues of causation and damages, nor does he contest the exclusion of the exhibits contained in his bill of exceptions.  Furthermore, Carr raises no issue with respect to the exclusion of Patzold’s deposition.  Consequently, our consideration is limited to the sufficiency of the evidence which was actually offered and admitted.

Turning to that evidence, Carr contends “[i]t doesn’t take an expert to prove that a leaky pipe causes damage [or] . . . necessitates repairs.”  He directs us to Nightengale’s testimony where he agreed with counsel that “[w]ater leaking from a pipe inside somebody’s home causes damage,” and he cites us to Guy’s trial stipulation that mold in the utility room was caused by water leaking from the uncapped tee.  However, the record is completely devoid of any evidence that mold in the utility room spread throughout the house or caused any damages necessitating remediation and restoration of Carr’s residence.  Furthermore, there was no evidence before the jury regarding the extent of the mold contamination in the utility room which led to Carr’s alleged damages. 

C
onsidering all of the evidence in the light most favorable to Carr, we agree with the trial court that there was a complete absence of evidence on the elements of causation and damages.  Carr’s three issues are overruled.

Accordingly, the trial court’s judgment is affirmed.

Patrick A. Pirtle

      Justice

FOOTNOTES
1:
See generally 
Tex. Bus. & Com. Code Ann. § 17.50(a) (Vernon Supp. 2006) (plaintiff under DTPA may maintain an action where violations constituted a producing cause of damages); 
Van Horn v. Chambers
, 970 S.W.2d 542, 544 (Tex. 1998) (plaintiff asserting negligence must prove damages proximately resulted from the breach of a legal duty); 
Southwell v. University of the Incarnate Word
, 974 S.W.2d 351, 354-55 (Tex.App.–San Antonio 1998, pet. denied) (plaintiff in an action for breach of contract must prove he was damaged as a result of the breach).