NO. 07-05-0443-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 8, 2007



______________________________




BOB CARR, APPELLANT



V.



GUY'S PLUMBING, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 90,762-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

 Appellant, Bob Carr, appeals a directed verdict granted in favor of Appellee, Guy's
Plumbing. Presenting three issues, Carr contends the granting of a directed verdict was
error because he presented more than a scintilla of evidence on the material questions
presented with respect to his claims for (1) breach of contract, (2) violations of the
Deceptive Trade Practices Act (DTPA), and (3) negligence. We affirm.


Background Facts

 In 1995, Carr hired Guy's Plumbing to perform plumbing work for the construction
of his new home. While installing the plumbing in the utility room, Guy's failed to cap a
sanitary tee connected to the washing machine drain pipe. As a result, water being
discharged from the washing machine leaked from the drain pipe. In 2001, Carr's home
was tested for mold. Tests revealed mold contamination and Carr took action to remediate
and restore the home. During remediation, sheetrock in the utility room was removed and
the uncapped tee was discovered. Carr subsequently sued Guy's to recover the costs of
remediating his home.

 Carr's petition alleged five causes of action, including violations of the DTPA, breach
of implied warranty of good and workmanlike construction, breach of the implied warranty
of habitability, breach of contract, and negligence. At a jury trial, Guy Nightengale of Guy's
Plumbing testified to the circumstances surrounding the uncapped tee. Nightengale
admitted his plumbers made a mistake by leaving the sanitary tee uncapped but argued
that Carr, acting as general contractor, should have inspected the work and caught the
mistake before the sheetrock was installed. Carr conceded that he took no steps to
inspect the plumbing prior to installation of the sheetrock but insisted that Guy's mistake
resulted in the spread of mold throughout the entire residence which ultimately required
remediation. Following a Rule 104 hearing conducted outside the hearing of the jury, the
court concluded Carr was not qualified to testify in an expert capacity regarding the spread
of mold contamination or the reasonableness and necessity of the mold remediation. Carr
proceeded to testify that he personally observed workers remediating various rooms in his
home. He also explained that he was unable to enter his home during the remediation and
that he and his wife were forced to relocate to a hotel for nine months until the remediation
was completed. Following his testimony, Carr offered into evidence hotel receipts and
receipts from various companies that performed remediation work on his home. Guy's
objected to the introduction of this evidence contending that it was irrelevant because there
was no evidence that the remediation or relocation was caused by Guy's mistake. The trial
court sustained the objection and the receipts were excluded from evidence. Carr made
no other attempt to admit these receipts into evidence.

 Next, Carr offered the video deposition of Dennis Patzold, owner of a water
restoration company that assisted with the remediation of the home. The evidence was
offered for two purposes: (1) to establish the source of the mold found throughout the
house, and (2) the reasonableness and necessity of the remediation. After reviewing
excerpts from the deposition for the purpose of determining Patzold's qualification as an
expert, the court ruled, outside the presence of the jury, that Patzold could testify
concerning the source of mold found in the utility room of the house, but refused to allow
him to testify as an expert on the cause of mold in other areas of the house. Following the
ruling, without ever calling Patzold as a witness, Carr rested his case and Guy's moved for
a directed verdict. 

 Guy's argued that directed verdict was proper because Carr failed to present any
evidence on any of his causes of action pertaining to the elements of causation and
damages. (1) The trial court agreed and granted the motion for directed verdict as to each
of Carr's claims. Applicable Law

 A directed verdict is proper when (1) the opponent's pleadings are insufficient to
support a judgment, (2) the evidence conclusively proves a fact that under substantive law 
establishes the movant's right to judgment as a matter of law, or (3) the evidence offered
is insufficient to raise an issue of fact as to one or more of the essential elements of the
cause of action. Double Ace, Inc. v. Pope, 190 S.W.3d 18, 26 (Tex.App.-Amarillo 2005,
no pet.). When reviewing a directed verdict based upon insufficiency of the evidence, we
must determine whether there is any evidence of probative force that raises a fact issue
on the material questions presented. Szczepanik v. First Southern Trust Co., 883 S.W.2d
648, 649 (Tex. 1994). In doing so, we follow the standard of review for assessing the legal
sufficiency of the evidence. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51(Tex.
2003). See also City of Keller v. Wilson, 168 S.W.3d 802, 823 (Tex.2005). We must
consider all the evidence in the light most favorable to the party against whom the verdict
was directed disregarding all contrary evidence and inferences, and giving the losing party
the benefit of all reasonable inferences created by the evidence. City of Keller, 168
S.W.3d at 823. In the final analysis, the test for directed verdict is whether the evidence
at trial would have enabled reasonable and fair minded jurors to reach a verdict in favor of
the non-movant. If the evidence presented would not have supported such a verdict, then
a directed verdict was appropriate. Id. at 827-28. Therefore, where no evidence of
probative force on an ultimate fact exists, the trial court has the duty to direct the verdict. 
University Nat'l. Bank v. Enrst & Whinney, 773 S.W.2d 707, 709-10 (Tex.App.-San Antonio
1989, no writ).

 Our review is confined to the evidence offered and admitted where there is no error
assigned to the exclusion of tendered evidence. Mack Trucks, Inc. v. Tamez, 206 S.W.3d
572, 577 (Tex. 2006). This Court cannot consider evidence of causation or damages from
a bill of exceptions where we have not first determined that the trial court erred when it
excluded that evidence. Id.

Application of Law to the Case

 By this appeal, Carr does not contest the trial court's rulings excluding any of his
testimony on the issues of causation and damages, nor does he contest the exclusion of
the exhibits contained in his bill of exceptions. Furthermore, Carr raises no issue with
respect to the exclusion of Patzold's deposition. Consequently, our consideration is limited
to the sufficiency of the evidence which was actually offered and admitted.

 Turning to that evidence, Carr contends "[i]t doesn't take an expert to prove that a
leaky pipe causes damage [or] . . . necessitates repairs." He directs us to Nightengale's
testimony where he agreed with counsel that "[w]ater leaking from a pipe inside
somebody's home causes damage," and he cites us to Guy's trial stipulation that mold in
the utility room was caused by water leaking from the uncapped tee. However, the record
is completely devoid of any evidence that mold in the utility room spread throughout the
house or caused any damages necessitating remediation and restoration of Carr's
residence. Furthermore, there was no evidence before the jury regarding the extent of the
mold contamination in the utility room which led to Carr's alleged damages. 

 Considering all of the evidence in the light most favorable to Carr, we agree with the
trial court that there was a complete absence of evidence on the elements of causation and
damages. Carr's three issues are overruled.

 Accordingly, the trial court's judgment is affirmed.


 Patrick A. Pirtle

 Justice

1. See generally Tex. Bus. & Com. Code Ann. § 17.50(a) (Vernon Supp. 2006)
(plaintiff under DTPA may maintain an action where violations constituted a producing
cause of damages); Van Horn v. Chambers, 970 S.W.2d 542, 544 (Tex. 1998) (plaintiff
asserting negligence must prove damages proximately resulted from the breach of a legal
duty); Southwell v. University of the Incarnate Word, 974 S.W.2d 351, 354-55
(Tex.App.-San Antonio 1998, pet. denied) (plaintiff in an action for breach of contract must
prove he was damaged as a result of the breach).


ority="68" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 2 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00135-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
8, 2011

 



 

ERON NEMIQUE KINLEY, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 61,788-E; HONORABLE DOUGLAS WOODBURN, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

ORDER OF ABATEMENT AND
REMAND

 

Appellant Eron
Nemique Kinley, on March
28, 2011, filed notice of appeal from a conviction and sentence. Although the
clerks record has not been filed, we were provided a copy of appellants
certification of right of appeal.  The
document was signed by the trial court, appellant, and appellants
counsel.  According to the certification,
the case is not a plea-bargain case, and [appellant] has the right of appeal,
and appellant has waived the right of appeal.

Under Rule of Appellate Procedure
25.2(d), appellant cannot at the same time have the right of appeal and have
waived that right.  Tex.
R. App. P. 25.2(d). The certification provided us is thus
defective.  Tex. R. App. P. 37.1.  Accordingly, we abate the appeal and remand
the cause to the 108th Judicial District Court of Potter County for further
proceedings.  On remand, the trial court
shall utilize whatever means it finds necessary to secure and file with this
court a certification of appellants right of appeal that complies with Rule
25.2(d).  Tex. R. App.
P. 25.2(d); 37.1.

If necessary, the trial court shall
execute findings of fact and conclusions of law, and render any necessary
orders regarding the aforementioned issues. 
It shall cause its findings and conclusions, orders, if any, and a
proper certification of right to appeal to be included in a supplemental
clerks record.  Any hearing of the
matter shall be recorded and included in a supplemental reporters record.  The trial court shall file the supplemental
clerks record and the supplemental reporters record, if any, with the clerk
of this court by May 9, 2011.

It is so ordered.

Per Curiam

 

 

Do not
publish.